**STATE of Missouri, Respondent,**

v.

**Floyd Cody FIELDS, Appellant.**

**No. 42348.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 28, 1981.

Robert Babione and Thomas Flynn, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto and Suzzane M. Boersig, Asst. Attys. Gen., Jefferson City, George Peach, Cir. Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Appeal from a conviction by a jury of robbery first degree under Sec. 569.020, RSMo.1978. Defendant was sentenced as a persistent offender to thirty years imprisonment. We affirm.

On April 8, 1979, the victim was walking across a parking lot in the City of St. Louis when defendant approached her from the rear. With the aid of a knife, defendant took the victim's purse. At trial, the victim identified defendant and provided the only testimony of the circumstances of the robbery.

Defendant first asserts error in the failure of the trial court to instruct the jury on the lesser included offense of stealing from a person. (MAI–CR. 24.02.1, modified by MAI–CR. 2.05). Instructions were given on robbery first degree and robbery second degree, but the trial court refused defendant's offer of an instruction on stealing from a person.

There was no evidence to support the refused instruction. The only testimony as to the facts of the incident was given by the victim. She stated that defendant said "Bitch, give me your purse" and pushed a sharp object in her back. Defendant then demanded the victim's jewelry and held the knife at her stomach. No contrary evidence was presented. An instruction on a lesser included offense is not required absent evidence to support it. Sec. 556.046.2, RSMo.1978; *State v. Williams*, 577 S.W.2d 59, 61 (Mo.App.1978); *State v. Sturgell*, 530 S.W.2d 737, 739 (Mo.App.1975). The trial court did not err in refusing to instruct the jury on stealing from a person since there was no evidence presented at trial which provided a "basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." Sec. 556.046.2, RSMo.1978.

Defendant next complains of error in his conviction as a persistent offender under Sec. 558.016.2, RSMo.1978. Defend-

ant's name is Floyd Cody Fields. The state proved two prior felony convictions, one by Floyd Cody Fields and the other by Floyd Fields. Defendant claims the proof of the latter felony was deficient by reason of the omission of his middle name therefrom. We disagree.

Defendant offered no evidence to refute the state's evidence. He has never asserted, and does not now assert, that he was not convicted of the two prior felonies. Defendant merely challenges the law as it now stands with regard to the proof required to find that a defendant is a persistent offender. We are not inclined to change the law. The state has made a sufficient showing that defendant was a persistent offender. *State v. Warren,* 579 S.W.2d 723, 727 (Mo. App.1979); *State v. McMillan,* 593 S.W.2d 629, 635 (Mo.App.1980).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.