**STATE of Missouri, Respondent,**

v.

**William F. BENTZEN, Appellant.**

**No. 45243.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 19, 1982.

Motion for Rehearing/Transfer to
Supreme Court Denied
Feb. 10, 1983.

Application to Transfer Denied
March 29, 1983.

J. Paul Allred, Jr., Public Defender, William M. Barvick, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Thomas J. Brown, III, Prosecuting Atty., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant William F. Bentzen guilty of armed robbery. The court sentenced him to 15 years in prison; he appeals.

Defendant challenges his conviction on three grounds: (1) Plain error in not bringing him to trial in 180 days; (2) the robbery statute is unconstitutionally vague; and (3) error in failing to instruct on the lesser offense of stealing.

■ Defendant's 180-day plain error challenge was raised neither at trial nor in his after trial motion. Section 545.780.5 declares "[f]ailure of the defendant to move for dismissal prior to trial shall constitute a waiver of the right to dismissal under this section." And the point is further nullified by defendant's failure to raise it in his motion for new trial. *State v. Jenkins,* 622 S.W.2d 281[6] (Mo.App.1981).

■ We deny defendant's initial point and take up his constitutional challenge to the robbery statute.

We view this challenge in light of the state's evidence: Victim Vivian Balkenbusch was cashier at an all-night doughnut shop. Defendant shoved her aside, walked behind her counter and told her he wanted the money in the cash register. Store clerk Nancy Ketterman threatened to call the police and said defendant had one hand inside his shirt and warned that if she called he would "pull it". Victim Balkenbusch pulled defendant's shirt back and saw in his hand a shiny object she believed to be a gun. A bystander called out "he's got a gun," and another testified it looked like a 22 pistol. Defendant took $124 and fled.

Defendant contends robbery statute Sect. 569.020.1(4) is unconstitutionally vague in its words "Displays or threatens the use of what appears to be a deadly or dangerous instrument."

We have considered defendant's cited federal cases condemning vague criminal statutes. None addresses a statute comparable to that quoted above.

The defendant's claim of vague language is that the statute does not define the phrase "what appears to be a deadly weapon". The pistol seen by the state's witnesses clearly *was* a deadly weapon. Section 556.061(9) RSMo.1978. Thus, evidence showed defendant had a deadly weapon in his hand and threatened to "pull it".

We deny defendant's contention the statute as applied to the evidence is impermissibly vague. Compare *State v. Dickerson,* 607 S.W.2d 196[1, 2] (Mo.App.1980).

■ Last, defendant claims error in refusal to instruct on stealing, that is, taking the money without use of a deadly weapon. The evidence did not show defendant took the victim's money merely by threats. To the contrary, the victim yielded only after she saw defendant had a gun in his hand. As in *State v. Ross,* 611 S.W.2d 296[4] (Mo. App.1980), we hold that where all the evidence shows robbery it is not error to refuse a stealing instruction.

Affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.