STATE of Missouri, Respondent,

v.

Isaac Edward ALLEN, Appellant.

No. 46284.

Missouri Court of Appeals,
Eastern District,
Southern Division.

March 20, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 27, 1984.

Application to Transfer Denied
June 19, 1984.

Gary L. Robbins, Public Defender, Jackson, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Isaac Edward Allen, appeals from a judgment entered on a jury verdict convicting him of receiving stolen property, § 570.080, RSMo (1978),[1] for which he was sentenced, as a persistent offender, § 558.016, to imprisonment for nine years. He asserts on appeal that there was insufficient evidence to support his conviction and that the trial court erred in overruling his motion to dismiss for violation of the Speedy Trial Act, § 545.780. We affirm.

We first consider the question of the sufficiency of the evidence, despite the fact that defendant failed to move for a judgment of acquittal at the close of all the evidence. See Rule 27.07. In testing the sufficiency of the evidence, facts and appropriate inferences intelligently drawn therefrom must be assessed in the light most favorable to the State and all adverse inferences and evidence disregarded. The

---

1. All further statutory references are to RSMo (1978).

question is whether there is sufficient evidence from which reasonable individuals could conclude defendant to be guilty. *State v. Turner,* 631 S.W.2d 695, 696 (Mo. App.1982).

Within that standard, we now review the evidence. On December 29, 1980, R & J Construction Company, located in Butler County, Missouri, was burglarized and a typewriter, check protector, and blank payroll checks of a total value of $400 were stolen. On January 19, 1981, the defendant was a prisoner in the Butler County Jail. On that date the defendant wrote a note and requested Michael Reynolds, a trustee in the jail, to call defendant's sister at a telephone number shown on the note and read the note to her. The telephone number on the note was that of the residence of Ethel Mae Allen, defendant's mother. The note read as follows:

> [T]ell brenda to go up stairs and look in my black suit bag against the wall and get that little red box out of it and get that typewriter and other little machine and my green hunting cap and green hunting coveralls take all of this stuff and carry it out behind the house and throw it down in that ditch, and get my billfold from ethel mae take all the money out of it and throw it away.

Reynolds gave the note to a deputy sheriff who obtained a search warrant for the residence of Ethel Mae Allen. On January 19, 1981, that residence was searched by the police and the stolen property was recovered in an upstairs bedroom. The record does not disclose whether the bedroom in which the stolen property was found was the defendant's bedroom. Defendant offered no evidence.

It is undisputed that property of a value of at least $150 had been stolen. Defendant's note to his sister directing her to dispose of the property in question coupled with the recovery of the property *upstairs* at the residence specified by telephone number in the note was sufficient evidence, albeit circumstantial, to show that defendant knowingly retained stolen property for the purpose of depriving the owner of a lawful interest therein. *See* § 570.080. Defendant's first point is denied.

Defendant next contends that he was entitled to dismissal of the charge against him for failure to comply with the provisions of the Speedy Trial Act, § 545.-780. Defendant failed to raise this claim by a motion to dismiss before trial, as required by statute, and thus has waived any right to relief based on that Act. § 545.780.5; *State v. Bentzen,* 646 S.W.2d 802 (Mo.App.1982). Defendant also failed to raise this claim in his motion for new trial, further precluding review by this court. Rule 29.11(d).

We note that defendant did move to dismiss the charge, prior to trial, on the basis of an alleged violation of § 545.890, which deals with the timing of a trial where the defendant is in custody on the charge. This claim was renewed in the motion for new trial. We do not reach the trial court's action on this claim because the point has been abandoned by failure to raise it on appeal. Rule 30.20. *State v. Arnold,* 628 S.W.2d 665, 670 (Mo.1982).

The judgment of the trial court is affirmed.

DOWD, C.J., and KAROHL, J., concur.