**STATE of Missouri, Plaintiff-Respondent,**

v.

**Ronald CLAY, Defendant-Appellant.**

No. 47711.

Missouri Court of Appeals, Eastern District, Division Three.

July 9, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

Application to Transfer Denied Oct. 16, 1985.

Debra Buie Arnold, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Leah A. Murray, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

A jury found defendant guilty of second degree robbery and the trial court sentenced him as a persistent offender to 25 years in prison.

By his only point here defendant contends the court erred in refusing his instruction on the lesser offense of stealing. The state responds the evidence only showed armed robbery.

The evidence: In early morning hours defendant came to and parked his car at the service window of the victim's carry-out restaurant. Defendant ordered food and as it was passed out to him he pointed his loaded revolver at the victim and demanded all the victim's money. The victim gave it to him, some $60.00. The victim noticed defendant's license number and called the police; they arrested defendant within minutes as he discarded his weapon. Police brought defendant back to the restaurant. There and later in court the victim identified the defendant, his weapon and his car.

Defendant testified to an alibi, which the jury obviously disbelieved.

As said, defendant here contends he was entitled to the stealing instruction because the jury might have disbelieved the victim's

**250**

testimony about defendant threatening him with the weapon. This is speculation without evidentiary support.

The defendant's contention was refuted in *State v. Fields,* 616 S.W.2d 86[1] (Mo. App.1981) holding:

"An instruction on a lesser included offense is not required absent evidence to support it.... The trial court did not err in refusing to instruct the jury on stealing from a person since there was no evidence presented at trial which provided a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

And, in the robbery case of *State v. Calmese,* 657 S.W.2d 662[1, 2] (Mo.App. 1983) we upheld refusal of a stealing instruction because as here "the evidence does not reveal a lack of an essential element of this more serious offense...."

Affirmed.

DOWD, P.J., and CRIST, J., concur.