**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Ricky Burnell HOLT, Defendant-Appellant.**

**No. 49119.**

Missouri Court of Appeals, Eastern District, Division Six.

March 4, 1986.

Motion for Rehearing and/or Transfer Denied April 1, 1986.

Application to Transfer Denied May 13, 1986.

Robert Craig Wolfrum, St. Charles, for defendant-appellant.

John Munson Morris, Leah Adrienne Murray, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

B.C. DRUMM, Jr., Special Judge.

On February 9, 1981, defendant Ricky Burnell Holt was convicted by a jury of second-degree burglary and stealing a firearm, both Class C felonies. On April 6, 1981, the trial court sentenced him, under the Persistent Offender Act, §§ 558.016, et seq., RSMo 1978, to consecutive fifteen (15) year prison terms. Defendant appealed. In *State v. Holt,* 660 S.W.2d 735 (Mo.App. 1983), we affirmed the convictions, but reversed and remanded for resentencing in accordance with the Persistent Offender Act, which requires the trial court to make findings of fact beyond a reasonable doubt that defendant was a persistent offender. The record on appeal was devoid of any indication that a hearing had been held to make the required finding and the sentence made no mention of the applicability of the Persistent Offender Act.

The Mandate remanding this cause was filed in the Circuit Court of St. Charles County on December 12, 1983. On August 24, 1984, a hearing was held and evidence was adduced that, at the time of sentencing on April 6, 1981, the court had before it certified copies of at least two of defendant's prior felony convictions. On August 24, the trial court entered its formal findings beyond a reasonable doubt that defendant was and is a persistent offender. Defendant was again sentenced to serve consecutive fifteen (15) year prison terms.

In this appeal, defendant contends: first, that the second enhancement and sentencing proceeding constitutes double jeopardy; second, the second proceeding, which occurred some two hundred fifty-six (256) days after remand, violated defendant's right to a speedy trial; and third, the evidence at the persistent offender hearings was insufficient to support such a finding because the certified copies of prior convictions named "Ricky B*a*rnell Holt," "Ricky B*e*rnell Holt" and "Ricky Holt" as defendant and those names differed from that of this defendant.

We address these points in order, and affirm.

First, the second enhancement and sentencing proceeding does not constitute double jeopardy. Defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the Missouri Constitution were not violated. The question raised by defendant has been discussed at length and resolved in the Southern District's decision in *State v. Lee,* 660 S.W.2d 394, 398

through 400 (Mo.App.1983). The double jeopardy analysis in *Lee* is dispositive of this case and further comment is neither warranted nor necessary.

■ Second, the provisions of the Speedy Trial Act, § 545.780 RSMo 1978,[1] do not apply to an enhancement and sentencing hearing. Said section applies only to the times prior to arraignment or trial. Enhancement and sentencing proceedings occur after arraignments or trials. Furthermore, defendant failed to raise or assert, at any time prior to this appeal, any claim based on the Speedy Trial Act. Thus, even had such a claim existed, defendant waived same and appellate review of the issue is precluded. *State v. Allen*, 669 S.W.2d 569 (Mo.App.1984).

■ Third, the exhibits offered by the state at the enhancement hearing were prior convictions naming "Ricky Ba rnell Holt," "Ricky Be rnell Holt" and "Ricky Holt." The first and last names were identical with one another and with the first and last names of this defendant. The middle name was pronounced the same and was similar in each instance with only a variation of one letter. "A person's middle name has little, if any, legal significance." *State v. McMillan*, 593 S.W.2d 629, 635 (Mo.App.1980). The state made a prima facie showing of identity because defendant's first and last names were the same here as on previous conviction records. *State v. Tygart*, 673 S.W.2d 83, 86 (Mo.App.1984). In addition, the physical descriptions in the convictions and this case are identical. The assigned serial numbers at the Missouri Department of Corrections were the same. Defendant made no claim that he was not the person named in the convictions and he offered no evidence to refute the state's prima facie showing. *State v. Fields*, 616 S.W.2d 86, 87 (Mo.App.

1981). There is ample evidence to support the trial court's finding that defendant was a persistent offender.

At the time of trial on February 9, 1981, § 558.021 RSMo 1978 authorized a hearing and enhancement process to be held after a finding of guilt. The trial court followed the required procedure and made the specific findings necessary as a basis for an extended term sentence. The current § 558.021 RSMo Cum.Supp.1984 became effective August 13, 1984, and does not here apply because the statute in effect at the time of trial governs enhancement procedures. *State v. Thornton*, 651 S.W.2d 164 (Mo.App.1983).[2]

Affirmed.

CRIST, P.J., and KAROHL, J., concur.

1. § 545.780 RSMo 1978, effective September 1, 1978, was repealed and a new § 545.780 was enacted, effective June 7, 1984. The jury trial occurred February 9, 1981. Defendant was initially sentenced on April 6, 1981, and was resentenced on remand on August 24, 1984. We note that the present provisions of the new § 545.780 RSMo Cum.Supp.1984 are inapplicable and

were not asserted nor briefed by defendant-appellant.

2. The current § 558.021.2 requires, in a jury trial, that facts warranting a finding that defendant is a persistent offender "be pleaded, established and found prior to submission to the jury."