**Donald Lee TATE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 53404.

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1988.

Rehearing Denied May 25, 1988.

Application to Transfer Denied
July 26, 1988.

William P. Grant, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, L. Timothy Wilson, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of forcible rape, forcible sodomy, burglary in the first degree, and two counts of robbery in the first degree. He was sentenced as a prior and dangerous offender to terms of imprisonment totaling ninety-five years. That judgment was reversed and remanded with directions. *State v. Tate*, 657 S.W.2d 727 (Mo.App.1983). Movant was charged by information as a prior and dangerous offender and the judge assessed punishment. However, the only evidence in the transcript to suggest movant was a prior

---

**3.** New counsel was appointed to represent movant on appeal.

offender was a statement by the judge during sentencing that "the State had alleged and proven the prior offender status before submission to the jury and the Court, therefore, has the obligation to sentence the defendant." Because the record failed to indicate a hearing was held to find movant a prior and dangerous offender and a conflict existed between the transcript and the written sentence, which declared movant to be a persistent offender, the case was sent back to the trial court for a hearing on the issue of movant's status as a prior offender. The trial court was instructed to pronounce sentence and judgment if the prior conviction was proven, but if it was not, movant was to be granted a new trial on all issues. Upon remand the court found movant to be a prior and dangerous offender, and he was resentenced to the terms he had previously received. That judgment was affirmed in *State v. Tate*, 675 S.W.2d 85 (Mo.App.1984).

■ Movant first contends our action in remanding his case for an evidentiary hearing violated double jeopardy. In cases such as movant's, it has long been the position of the courts that the appropriate remedy is a limited remand for the purpose of determining the movant's status. *See State v. Harris*, 547 S.W.2d 473, 476[3] (Mo. banc 1977); *see also State v. Street*, 735 S.W.2d 371, 374[5] (Mo.App.1987). A second hearing in regard to sentencing does not constitute double jeopardy, *State v. Holt*, 708 S.W.2d 233, 234[1] (Mo.App. 1986), so this point must fail. For a complete discussion of the application of double jeopardy in second sentencing and sentencing enhancement proceedings see *State v. Lee*, 660 S.W.2d 394, 398–400[8] (Mo.App. 1983).

■ Movant next alleges the remand of his case to ascertain his status was a violation of his due process rights because the prior offender statute requires a finding *before* submission to the jury. Movant is correct in his contention that the sentence enhancement statute requires a finding of prior offender status before the case is submitted to the jury. § 558.021.2, RSMo 1986; *State v. Richardson*, 719 S.W.2d

884, 885–86[1] (Mo.App.1986). However, this is not sufficient to warrant the relief which movant seeks.

The error was not prejudicial. *Id.* at 886[4]; *State v. Wynn*, 666 S.W.2d 862, 864[1] (Mo.App.1984). Because movant was, in fact, a prior offender, he had no right to be sentenced by a jury, and thus his substantive rights were not violated by the tardy adjudication of his prior offender status. *See Wynn*, 666 S.W.2d at 865.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.