STATE of Missouri, ex rel. Elaine
HEILMANN, Relator,

v.

The Honorable Thomas C.
CLARK, Respondent.

No. WD 47250.

Missouri Court of Appeals,
Western District.

May 25, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 29, 1993.

Application to Transfer Denied
Aug. 17, 1993.

Mark V. Bodine, Kansas City, for relator.

Susan M. Hunt, Molly M. Korth, Kansas
City, for respondent.

Before LOWENSTEIN, C.J.,
BRECKENRIDGE, P.J., and BERREY, J.

BERREY, Judge.

The seeds of this action were sewn in a hotly contested divorce action between Elaine Heilmann, relator herein, and David Novak in Johnson County, Kansas. A divorce was granted to the parties on July 22, 1987, and Heilmann was granted a judgment against David Novak for child support, attorneys fees and miscellaneous debts. On April 12, 1989, Heilmann registered that judgment as a foreign judgment in Jackson County, Missouri.

On October 13, 1992, Heilmann filed a Motion for Writ of Execution in the Circuit Court of Jackson County alleging her judgment against David Novak in the amount of $60,000.00 and requesting the court execute on several automobiles to satisfy the judgment. She alleged that David Novak owned the cars under the trade names Car Store and Classic Motor Car Company. The Court Administrator issued its Writ of Execution and, on October 14, 1992, levied upon eight vehicles.

On October 21, 1992, Dr. Alfred Novak, David's father, filed a motion to interplead in the action claiming title interest in the cars and requesting an immediate hearing to determine ownership. Dr. Novak's motion was set for hearing on October 28, 1992, before Judge Thomas C. Clark. Prior to the hearing, Heilmann filed her response and requested a continuance, which the court granted. The matter was set for evidentiary hearing on December 3, 1992, Judge Clark's first available date. On November 9, 1992, Judge Clark entered an order to refrain from disposing of the seized property, pending further order of the court.

In an attempt to get an earlier hearing date, Dr. Novak requested a hearing date from Judge Shinn, who set the case for hearing in his division on November 17, 1992. Heilmann requested and was granted a continuance and Judge Shinn remanded the case to the original division.

On November 30, 1992, Dr. Novak filed an affidavit and claim with the Court Administrator's Department of Civil Process pursuant to § 513.130 [1] alleging his ownership of the seized property. On December 4, 1992, the Court Administrator served Heilmann with a Notice of Filing of Third Party Claim, pursuant to § 513.130. The notice informed Heilmann that the Court Administrator would abandon its levy on the cars unless Heilmann posted a bond in the amount of $230,000.00 by 4:30 p.m. December 11, 1992.

Responses and replies were filed by all parties, including the Court Administrator. Heilmann also filed a motion requesting a restraining order against the Court Administrator asserting that Supreme Court Rule 76 superseded § 513.130 and, therefore, the cars should not be released to Dr. Novak unless he posted a bond as required by Rule 76.14. On December 16, 1992, Judge Clark conducted a hearing on Heilmann's motion and ruled that Rule 76 did not supersede § 513.130. He then heard evidence on the value of the cars and determined their value at $229,000.00.

On December 17, 1992, the Court Administrator again notified Heilmann that it would abandon the levy and release the cars to Dr. Novak unless she posted a bond in the amount of $230,000.00 by December 22, 1992 at 4:30 p.m. Heilmann did not post the required bond. On December 22, 1992, Heilmann filed and served notice of her intent to file a petition for writ of prohibition in five days.

On December 23, 1992, Dr. Novak obtained an *ex parte* order from Presiding Judge Lee Wells rescinding Judge Clark's order of November 9, 1992, which restrained the Court Administrator from releasing the cars. Dr. Novak faxed a copy

of this order to Heilmann at 4:24 p.m. on December 23, 1992.

On December 24, 1992, Heilmann petitioned this court to waive the five-day notice requirement and enter a Stop Order prohibiting enforcement of Judge Wells' order allowing release of the cars. The requested stop order was issued on December 24, 1992.

On January 25, 1993, this court issued its preliminary order in prohibition after which the parties submitted briefs and oral argument.

The sole issue to be decided by this court is whether Rule 76, specifically 76.10, 76.14 and 76.25, supersedes § 513.130. If so, relator alleges that Judge Clark relinquished his jurisdiction to the Court Administrator by allowing the Court Administrator to require her to post a bond in order to retain the levy on the property. Heilmann asserts that it is Dr. Novak who should be required to post bond pursuant to Rule 76.14.

The specific, pertinent sections of Rule 76 and § 513.130 state as follows:

**RULE 76.10 WHO MAY INTERVENE**

Any person, except the judgment debtor, claiming an interest in property which has been levied upon may intervene in the execution proceedings pursuant to Rule 52.12.

**RULE 76.14 RETENTION OF PERSONAL PROPERTY PENDING SALE**

The person whose personal property has been levied upon may retain or regain possession of the property until the time of sale, by giving bond, in favor of the judgment creditor executed by such person as principal and one or more sufficient sureties, approved by the sheriff, in double the value of such property, conditioned upon the delivery of the property at the time and place of sale.

**RULE 76.25 STAY OR QUASHING OF EXECUTION—BOND**

The person whose property has been levied upon may apply to the judge of the division of the court out of which the same was issued for a stay of execution

---

**1.** Unless otherwise specified, all statutory references are to RSMo 1986.

or to quash the execution. Reasonable notice of the time of the hearing on the application shall be given to opposing parties. The application shall be by petition setting forth good cause why the execution should be stayed or quashed. The court may require the petitioner to provide a sufficient bond with adequate security approved by the court, conditioned upon the delivery of the property.

### 513.130. Third-party claim—proceedings—bond.

1. When personal property ... shall be seized by virtue of any execution, and any person other than the debtor in the execution shall, in writing, verified by affidavit of himself or some credible person, claim such property, or any part thereof, and shall in such claim set forth the right, title or interest of such claimant in and to such property, or any part thereof, and deliver such written claim to the officer making such seizure, such officer shall at once deliver a copy of such written claim to the execution creditor or his attorney of record; and if such execution creditor shall fail, within a reasonable time thereafter, to execute and deliver or tender to such officer a bond, payable to the state of Missouri, with one or more sufficient sureties, residents of the county, to be approved by the officer, conditioned to indemnify such officer and claimant against all damages and costs that may accrue to such officer, or to such claimant, by reason of the seizure and sale of such property, the officer shall abandon such levy and release the property to the claimant.

2. If the execution creditor shall execute and deliver such bond to the officer, the claimant may, at any time before the sale of the property, take possession thereof, upon executing and delivering to the officer a bond, with one or more sufficient sureties, resident of the county, to be approved by him, payable to the state of Missouri, and conditioned that the property shall be safely kept and preserved from damage, and be forthcoming when and where the court shall direct, and for the payment of all costs that shall in the matter of such claim be adjudged against the claimant.

Article V, § 5 of the Missouri Constitution provides, "The supreme court may establish rules of practice and procedure for all courts. The rules shall not change substantive rights ..." The provision does not divest the legislature of similar power. *Gardner v. Mercantile Bank of Memphis,* 764 S.W.2d 166, 168 (Mo.App.1989).

Only where a procedural rule adopted by the Supreme Court is inconsistent with a statute and has not been expressly annulled or amended by later enactment of the legislature, does the rule supersede the statute. Where the legislature has enacted a statute pertaining to a procedural matter not addressed nor inconsistent with any Supreme Court rule, the statute must be enforced.

*Id.;* Rule 41.01.

We find that Rule 76 and § 513.130 are not inconsistent. They do not address identical issues. Section 513.130 enables a party, other than the debtor, who claims ownership of the seized property to put the Court Administrator on notice that the property may have been wrongly seized. The statute provides the Court Administrator and the third-party claimant a substantive right to be indemnified from any damages to the property. If the execution creditor believes the property belongs to the execution debtor and wants the Administrator to retain the property until such time as ownership can be established by the court, the execution creditor must post a bond to insure the rights of the Administrator and the third-party claimant. If the execution creditor recognizes that a mistake has been made and believes that the property does belong to the third-party claimant, the execution creditor may decline to post the required bond and the property will be released to its "rightful" owner.

If Rule 76 were the only recourse, both the Court Administrator and the third-party claimant would be totally unprotected in case of wrongful attachment or damage to the property. The execution creditor will be protected from loss because the only

way the property will be released is if the debtor, pursuant to Rule 76.16, or the third-party claimant, pursuant to § 513.130.2, posts sufficient bond.

Because Rule 76 does not supersede § 513.130, Judge Clark did not exceed his authority or relinquish it to the Court Administrator. Judge Clark, at all times relevant to this matter, acted within the proper scope of his jurisdiction and has not done, or threatened to do, any act in excess of his jurisdiction. Accordingly, this court orders that the preliminary Order in Prohibition entered on January 25, 1993, be and hereby is quashed.

All concur.