STATE of Missouri, Respondent,

v.

Dennis HINKLE, Appellant.

No. 73195.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 5, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 16, 1999.

Gwenda R. Robinson, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Dennis Hinkle (Defendant) was charged in a second amended information with tampering in the first degree in violation of Section 569.080.1(2) RSMo 1994. After conviction the court sentenced Defendant as a prior and persistent offender to nine years imprisonment. On appeal Defendant argues the trial court erred in: (1) failing to prove beyond a reasonable doubt that Defendant was the individual who knowingly operated a motor vehicle without the owner's consent; (2) not granting a mistrial when a venireperson made a statement regarding Defendant which injected highly prejudicial information of his prior bad acts and thereby tainted the entire venire panel; (3) overruling Defendant's *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) challenge to two venire persons; (4) giving a non-MAI, written hammer instruction; and, (5) allowing the State to prove Defendant was a prior and persistent offender after the case was submitted to the jury, but before the verdict, and (a) the evidence was insufficient for lack of identification of Defendant, (b) one conviction relied on was not charged, and (c) one conviction relied on was obtained without the assistance of counsel.

■ Defendant's contention that the State failed to make a submissible case is without merit. Defendant committed the crime of tampering in the first degree if he knowingly possessed or unlawfully operated a motor vehicle without the consent of the owner. Section 569.080.1(2) RSMo 1994. The vehicle mentioned in evidence was a truck owned by Gary Myers. Myers testified he did not give Defendant permission to drive his truck. Officer Joseph Fredericks observed the truck and an attached trailer stopped in the middle of an intersection of two city streets. He approached the truck to determine the nature of any problem. He observed the truck's motor running, the steering column was peeled where the ignition was supposed to be and there was no key in the ignition. He ordered the two men in the truck to get out, but the truck pulled away at a high rate of speed. He had observed the driver of the truck to be wearing a black shirt, gray pants and a blue jacket. Officer Fredericks pursued the truck to a point where the occupants abandoned the truck. He chased Defendant, the driver, until he observed him disappear over a hill. The hill had a steep incline that was almost straight up and down and dropped approximately thirty feet. When Officer Fredericks came to the edge of the hill and looked down he saw Defendant lying at the bottom of the hill. Defendant was wearing the same clothing the officer observed on the driver of the truck. This evidence was sufficient to meet the State's burden of proof on all elements of the charged crime. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993), *cert. denied*, 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993).

■ Defendant's contention that a comment made by a venire person tainted the entire venire panel so that the court plainly erred in denying a motion for mistrial is without merit. This claim of error was not preserved for review because it was not included in Defendant's motion for a new trial. We review only for "a strong, clear demon-

stration of manifest injustice or miscarriage of justice" which "so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected." *State v. Hernandez*, 880 S.W.2d 336, 338 (Mo.App.W.D.1994). *Defense* counsel asked the panel if they believed that the accusation or arrest was proof that Defendant had done something wrong. One of the venire persons said, "Not this question, but I have seen him somewhere under a not so good circumstance." The topic was developed further out of the hearing of the venire. The trial court rejected the motion for mistrial, but instructed the venire to disregard the last comment of the "nice juror who responded here in this matter. That's a wholly and— wholly immaterial to what we are doing here. And you should not make any speculation about that comment whatsoever. And just put it out of your mind. All right."

We find no error, plain or otherwise. Defendant has not alleged or argued any demonstrable prejudice that would support a finding of preserved error. The circumstances are not so extraordinary as to require a mistrial. *State v. Parker*, 886 S.W.2d 908, 922 (Mo. banc 1994), *cert. denied* 514 U.S. 1098, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995). Nor was the ruling a source of plain error. The denial of relief was not an abuse of discretion, particularly, where the court instructed all the remaining members of the venire panel to disregard the comment, and the statement was vague and indefinite. Point denied.

■ Defendant's contention of *Batson* errors involving venire persons Brown and Browner is without merit. The prosecutor explained that the decision to strike Brown was because postal workers are historically bad jurors for the state and Brown had previously served on a criminal jury that reached a not guilty verdict. Further, Brown had been threatened or intimidated after her past jury service. Defendant only attempted to contest the employment issue.

The prosecutor struck venire person Browner because he had a number of family members previously convicted of crimes in the City of St. Louis, he appeared to have difficulty understanding questions, and he worked as a security officer. The prosecutor explained that, in her experience, security officers often second-guess police procedures and such a procedure may or may not be involved in the case. Defendant's response was based solely on the belief that a venireperson's work and family involvement, outside of personal involvement with the law, are insufficient explanations to overcome a *Batson* challenge.

■ The trial court's finding of race and gender neutral explanations is entitled to deference. *State v. Antwine*, 743 S.W.2d 51, 66 (Mo. banc 1987). The explanations in this case supported the findings. The findings were not clearly erroneous and will not support a firm impression that a mistake has been made. A prospective juror's employment may suffice as a valid, race neutral reason for a peremptory strike. *State v. Robinson*, 832 S.W.2d 941, 943–44 (Mo.App. E.D.1992); *Antwine*, 743 S.W.2d at 64. Employment, together with other reasons which are found to be race neutral, are sufficient. Further, there is no claim that any of the explanations with respect to the two venirepersons were pretextual. Point denied.

■ Defendant contends the court committed plain error, causing manifest injustice or a miscarriage of justice "in submitting an improper written hammer instruction as a substitute for MAI–CR(3d) 312.10." During deliberations, the jurors sent a note to the court on a form provided for jury questions. It read, "[t]he jury, after careful consideration, have come to the decision of nine guilty and three non-guilty." The foreperson signed the note. The court informed counsel that it was not inclined to read a hammer instruction at "this early stage." It informed counsel that it intended to respond by saying, "[t]he jurors will kindly continue your deliberations at this time." Defense counsel informed the court that he "would object to the hammer," but did not mind the proposed statement to continue deliberations.

We find no error, plain or otherwise. The statement did not require the jury, in unequivocal terms, to reach a verdict. The statement was not a hammer instruction. It

was a response to the jury. There is nothing in the record to support a finding that the statement coerced a verdict, where the charge was supported by unopposed direct evidence. The court's conduct would not support a finding of preserved error. *State v. Johnson*, 948 S.W.2d 161, 165 (Mo.App. E.D.1997). Further, submission of the MAI–CR hammer instruction is subject to objections for the record. *See*, Notes on Use 3, MAI–CR (3d) 312.10. In the absence of such objections, and support for a finding of actual prejudice, the submission of a hammer instruction is within the discretion of the trial court. Point denied.

Defendant's last claim of error contests findings that he was a prior and persistent offender, and sentenced in accord with such findings. The State's second amended information alleged four prior felony convictions: (1) on June 8, 1990 Defendant pled guilty to the felony of assault second degree in St. Louis County, Mo.; (2) on January 12, 1990 Defendant pled guilty to the charge of stealing without consent in Jefferson County, Mo.; (3) on April 7, 1989 Defendant was found guilty of the felony of receiving stolen property over $150 in value in the City of St. Louis; and, (4) on September 25, 1989 Defendant pled guilty to the felony of tampering with a witness in St. Louis County, Mo. The court found evidence to support the first and third allegations.

▪▪▪▪ Defendant's first contention is that the court erred when it failed to follow the requirements of Section 558.021.2 RSMo Cum.Supp.1997 and permitted the State to prove allegations of prior convictions after submission to the jury. This issue was the subject of a timely objection but was not preserved in Defendant's motion for a new trial. Section 558.021.2 RSMo Cum.Supp. 1997 directs the court to conduct a hearing apart from the jury and find a defendant to be a prior or persistent offender if the facts are pleaded, established and found, prior to submission of the case to the jury. The timing may be important because finding that a defendant is not a prior offender would require a verdict directing instruction submitting consideration of punishment. After the jury retired, the court asked the

State if it was going to prove up priors. Defendant immediately objected on the basis that it must be done before the close of the evidence. However, Defendant did not object to the verdict directing instruction that did not include the matter of punishment. The court overruled the objection. Thus, the court permitted the State to offer evidence to prove Defendant was convicted on Counts I, II, and III, of receiving stolen property in the City of St. Louis on April 7, 1989. These three convictions were the product of a single event. This evidence, if available, when offered after submission to the jury, would support a finding that Defendant was a prior offender. It would also support submission of the charged crime with a verdict directing instruction that did not include consideration of punishment. Thus, the State pled and, over objection, proved three priors for crimes that occurred at the same time. This is proof of a prior. Section 558.016.3 RSMo 1994.

The State also charged a conviction of assault second degree in St. Louis County on June 8, 1990. It offered and the court accepted evidence that Defendant was found guilty and sentenced to serve two years on a class C felony charge in St. Louis County. Defendant did not object to this evidence of a prior felony conviction on the ground the information alleged this occurred on June 8, 1990, and the evidence supported a finding it occurred on January 8, 1991. Thus, the finding Defendant was a persistent offender is supported by the evidence.

▪▪▪▪ For the first time on appeal, Defendant contends that the jury trial, conviction and sentences on the receiving stolen property charges are not available because the record does not expressly identify that he was represented by counsel when that case was tried. Defendant did not rely on this claim during the trial, or in the motion for a new trial. We reject the claim as a matter of plain error and find the record was sufficient to support an inference Defendant was represented by counsel during the jury trial on three charged felonies. The evidence of two prior felony convictions was sufficient to support a finding that Defendant was a prior offender and subject to sentencing by the

court. Thus, the failure to submit the issue of punishment to the jury was not error.

The court erred in failing to adhere to the directives of Section 558.021.2 RSMo Cum. Supp.1997 when it permitted evidence that Defendant was a prior and persistent offender after submission to the jury. *State v. Kilgore,* 771 S.W.2d 57, 64 (Mo. banc 1989). However, the error was not preserved in Defendant's motion for a new trial. We find no manifest injustice or miscarriage of justice in allowing proof that Defendant is a prior and persistent offender after submission of the case. The facts will not support a finding that Defendant has made a strong, clear demonstration that a manifest injustice or miscarriage of justice occurred. Defendant has never alleged, nor argued, that he was not a prior or persistent offender. As a matter of plain error, Defendant's reliance on the provisions of Section 558.021.2 RSMo Cum.Supp.1997 fails.

We affirm the conviction.

ROBERT G. DOWD, Jr., C.J. and ROBERT E. CRIST, Senior Judge, concur.