STATE of Missouri, Respondent,

v.

Michael TEER, Appellant.

No. SC 89501.

Supreme Court of Missouri,
En Banc.

Jan. 27, 2009.

Lisa M. Stroup, Office of the Public Defender, St. Louis, for Appellant.

Christopher A. Koster, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for Respondent.

RICHARD B. TEITELMAN, Judge.

Section 558.021.2, RSMo 1994,[1] provides that the facts establishing prior offender status "shall be pleaded, established and found prior to submission to the jury. . . ." The circuit court determined that Michael Teer was a prior offender after the case was submitted to the jury. Section 558.021.2 provides that prior offender status must be pleaded and proven before the case is submitted to the jury. Consequently, the judgment as to Teer's sentences is reversed, and the case is remanded. In all other respects, the judgment is affirmed.

## FACTS

In 1994, Teer was involved in an alcohol-related automobile accident that resulted in the death of four people and injury to a fifth person. A jury found Teer guilty of four counts of involuntary manslaughter, section 565.024, and one count of second degree assault, section 565.060.1(4). Prior to the end of the trial, the state moved to amend the information to charge Teer as a prior offender due to a previous felony stealing conviction. The circuit court sustained this motion after the case was submitted to the jury but before the verdict. When the jury returned its verdict, it recommended ten months in the county jail for the four counts of involuntary manslaughter and eight months in the county jail for the one count of second-degree assault. The circuit court then found that Teer was a prior offender and sentenced him to consecutive terms of four years imprisonment for each count.[2]

The convictions were affirmed on direct appeal, *State v. Teer*, 959 S.W.2d 930 (Mo. App.1998), but reversed and remanded for an evidentiary hearing on his second post conviction motion for ineffective assistance of appellate counsel, *Teer v. State*, 198 S.W.3d 667 (Mo.App.2006). Following the post conviction proceedings, the circuit court imposed the same sentence of 20 years imprisonment. Teer appeals that sentence.

Teer's sole point on appeal is that the trial court violated section 558.021.2 by allowing the state to amend its information to charge him as a prior offender after the case was submitted to the jury. The state argues that Rule 23.08 authorized the amended information and that any error was harmless.

## ANALYSIS

 Procedural errors in prior offender hearings require reversal only if the defendant is shown to have been prejudiced. *State v. Wynn*, 666 S.W.2d 862, 864 (Mo. App.1984). Consequently, to succeed in this appeal, Teer must demonstrate that section 558.021.2 controls this case, that

---

1. All statutory references are to RSMo 1994.

2. When the state pleads and proves that a defendant is a prior offender, the court, not the jury, imposes the sentence. Section 557.036.2(2).

the statute was violated and that the statutory violation resulted in prejudice.

■ Section 558.021.1 sets forth the factual prerequisites for establishing prior offender status.[3] Section 558.021.2 provides that all facts necessary to establish prior offender status "shall be pleaded, established and found prior to submission to the jury outside of its hearing...."[4]

■ Section 558.021.2 unequivocally provides that the prior offender status "shall" be pleaded and proven prior to the case being submitted to the jury. The word "shall" generally prescribes a mandatory duty. *Bauer v. Transitional School District of City of St. Louis*, 111 S.W.3d 405, 408 (Mo. banc 2003). There are cases that have qualified the interpretation of the word "shall" by holding that "where a statute or rule does not state what results will follow in the event of a failure to comply with its terms, the rule or statute is directory and not mandatory." *Id.; Cline v. Carthage Crushed Limestone Co.*, 504 S.W.2d 118 (Mo.1974). Although section 558.021.2 does not state that a particular result will follow if the statute is violated, the "presence or absence of a penalty provision is 'but one method' for determining whether a statute is directory or mandatory." *Id.*, quoting *Southwestern Bell Tel. Co. v. Mahn*, 766 S.W.2d 443, 446 (Mo. banc 1989). As with all matters of statutory interpretation, determining if the word "shall" is mandatory or directory requires courts to review the context of the statute and to ascertain legislative intent. *Id.*, citing *Farmers & Merchants Bank and Trust Co. v. Director of Revenue*, 896 S.W.2d 30, 32 (Mo. banc 1995).

■ Section 558.021.2 is one of the statutes that provide a means for enhancing sentences based upon prior offenses. As such, section 558.021.2 implicates a defendant's liberty and, like other criminal statutes, should not be extended by judicial interpretation so as to embrace persons and acts not specifically and unambiguously brought within its terms. *State v. Lloyd*, 320 Mo. 236, 7 S.W.2d 344, 346 (1928). This interpretive rule applies to both the procedural and substantive aspects of criminal statutes and requires the statute to be construed strictly against the state and in favor of the defendant. *See Goings v. Missouri Dept. of Corrections*, 6 S.W.3d 906, 908 (Mo. banc 1999)(the jail time credit provisions of section 558.031, RSMo Supp.1998 should be strictly construed against the state).

The plain language of section 558.021.2 imposes a mandate requiring that prior offender status be pleaded and proven prior to the case being submitted to the jury. When the plain language of section

---

3. Section 558.021.1 provides:

The court shall find the defendant to be a prior offender, persistent offender, or dangerous offender, if:

(1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender; and (2) evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, persistent offender, or dangerous offender and (3) the court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, or dangerous offender.

4. Section 558.021.2 provides:

In a jury trial, the facts shall be pleaded, established and found prior to submission to the jury outside of its hearing, except the facts required by subdivision (1) of subsection 4 of section 558.016 may be established and found at a later time, but prior to sentencing, and may be established by judicial notice of prior testimony before the jury.

558.021.2 is construed in favor of the defendant, the absence of a penalty provision does not necessarily mean that compliance with the statute is merely directory. There is no dispute that Teer's status as a prior offender was not plead and proven until after the case was submitted to the jury. This procedure violated the plain language of section 558.021.2.

■ The state asserts that this case is controlled by Rule 23.08, not section 558.021.2. Rule 23.08 provides that an "information may be amended ... at any time before verdict or finding if: (a) no additional or different offense is charged, and (b) a defendant's substantial rights are not thereby prejudiced." Rule 23.08 simply provides a procedural mechanism for filing an amended information. The rule does not authorize the circuit court to make factual findings in violation of the specific directive of section 558.021.2. Rule 23.08 may allow the state to plead prior offender status after the case is submitted to the jury, but section 558.021.2 specifically requires that that proof of prior offender status must be proven prior to the case being submitted to the jury. This case is governed by section 558.021.2, not Rule 23.08.

■ The state also argues that even if the statute was violated, Teer cannot establish prejudice because he is, in fact, a prior offender and is not entitled to jury sentencing. The state is correct that a number of cases under section 558.021 have held that when a defendant is found to be a prior or persistent offender after the case is submitted to the jury, the failure to timely prove and find the defendant's prior or persistent offender status is not reversible error. *See e.g., State v. Golatt*, 81 S.W.3d 640, 649 (Mo.App.2002); *State v. Hinkle*, 987 S.W.2d 11, 15 (Mo. App.1999); *State v. Tincher*, 797 S.W.2d 794, 797 (Mo.App.1990). However, as a number of courts have recognized, "[i]f the courts continue to indulge the laxity which has characterized so many cases of extended term sentencing, a judicial emasculation of the legislative direction will be the accepted procedural norm." *State v. Street*, 735 S.W.2d 371, 372 (Mo.App.1987); see also *State v. McGowan*, 774 S.W.2d 855, 858 (Mo.App.1989)(future violations of section 558.021.2 will be "dealt with harshly"); *State v. Jennings*, 815 S.W.2d 434, 446 (Mo.App.1991)("we echo the sentiment and admonition of *McGowan* "). Although these cases ultimately found no reversible error, each leaves open the possibility that reversible error would exist if the defendant established actual prejudice.

In this case, Teer was prejudiced. The jury determined that a maximum sentence of four years of incarceration in the county jail was an appropriate sentence while the circuit court sentenced Teer to a total of 20 years imprisonment in the Missouri Department of Corrections. The failure to follow section 558.021.2 resulted in Teer being subjected to a much longer sentence than that recommended by a jury of his peers. Consequently, the error was prejudicial and requires reversal of Teer's sentence and a remand for sentencing in accordance with the jury's initial recommendation.

The judgment as to Teer's sentence is reversed, and the case is remanded. On remand, the court shall impose sentence consistent with the jury's recommendation and free from sentence enhancement that would result if Teer were a prior or persistent offender. *See State v. Emery*, 95 S.W.3d 98, 103 (Mo. banc 2003). In all other respects, the judgment is affirmed.

STITH, C.J., and WOLFF, J., concur; FISCHER, J., concurs in separate opinion filed; STITH, C.J., and WOLFF, J., concur in opinion of FISCHER, J.;

RUSSELL, J., dissents in separate opinion filed; PRICE and BRECKENRIDGE, JJ., concur in opinion of RUSSELL, J.

## CONCURRING OPINION

ZEL M. FISCHER, Judge.

I concur in the result of the principal opinion. I write separately to express my views more completely about certain aspects of this case and in particular to encourage courts to restrain from judicial emasculation of legislative direction.

In *McMillan v. Pennsylvania*, 477 U.S. 79, 93, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), the United States Supreme Court made clear that there is no constitutional right to jury sentencing. Missouri, however, grants the guilty the statutory right to jury sentencing unless that right is waived or subject to removal by another statute. *State v. Emery*, 95 S.W.3d 98, 102 (Mo. banc 2003). Here, as in many cases, sentencing by the trial court would have been proper if the State had pleaded and proven the defendant was a prior and persistent offender as set out in sections 557.036 and 558.021.[1]

The language in section 558.021 is unambiguous when it states that to be classified as a prior offender, thereby removing jury sentencing, the prior offender status "shall be pleaded, established and found prior to submission to the jury...." One primary purpose of having the prior offender status pled and proven before submission to the jury is because the status of the defendant removes the defendant's statutory right to jury sentencing. Section 557.036.2. Absent prior or persistent offender status, section 557.036.2 provides the jury the opportunity to set a sentence lower than the maximum sentence. The jury's function is to provide a ceiling on the sentence the defendant will receive. A judge can im-

pose a lesser punishment but cannot exceed the punishment recommended by the jury unless the jury's recommendation is below the legal limit. Rules 29.05 and 29.06; *Emery*, 95 S.W.3d at 102. The legislature, lawyers, and judges understand the potentially significant trial strategy decisions that would differ between jury and judge sentencing. Consistent with that reasoning, section 557.036 provides that if the criminal defendant desires to waive his right to jury sentencing, he must do so before trial begins.

As a practical matter, when should the attorneys and litigants know whether sentencing is being tried to the judge or the jury? Before trial begins would seem to be a sensible time for both sides to know whether the sentencing is being done by the jury or the judge. The first instruction given after the jury is sworn in a criminal case advises the jury if it will be assessing punishment, including sentencing. MAI–CR 300.06. The jury was instructed in this case if it found the defendant guilty, there would be a second stage where it would determine the punishment to be assessed.

The removal of jury sentencing by amendment to pleadings and presentation of proof after submission to the jury is implicitly prejudicial. The prejudice to the defendant in this case is that the rules of the game were changed after the game was over. As the dissenting opinion notes, defense counsel objected to the State's late request to amend the information because had he known there would not be jury sentencing, he would have employed a different trial strategy.

It is undisputed in this case that the defendant's status as a prior offender was not pled or established until after the case

1. All statutory citations are to RSMo 1994.

was submitted to the jury. Therefore, the trial court's judgment concerning sentencing should be reversed, and the trial court should be ordered to sentence Teer in accord with the jury's verdict.[2]

The result in this case is controlled by this Court's unanimous opinion in *Emery*. In *Emery*, the trial court sentenced the defendant as a prior and persistent offender despite the State's failure to offer any evidence of the defendant's prior or persistent offender status prior to submission to the jury. 95 S.W.3d at 99. On appeal, the State requested remand to present evidence of the defendant's status, contending that the failure to present the evidence was harmless error because if the defendant was proven to be a prior and persistent offender, he would suffer no prejudice. *Id.* at 100–01. This argument was unanimously rejected by this Court, but is the sole basis for the dissenting opinion in this case. This Court in *Emery* recognized that general remand would violate the timing requirement of section 558.021.2 and refused to grant general remand, noting, "The question is whether this Court should order the trial court to commit a second error in order to correct its previous error. Or, to put it another way, should the Court follow the old adage that

two wrongs do not make a right?" *Id.* at 101.[3]

Moreover, the State's argument that the general language of Rule 23.08 regarding amendment of an information should be controlling over the specific language of section 558.021.2 lacks merit. This particular legislative mandate governs not only the pleading in this type of case, but also the order of proof in this type of case and what must be established prior to submission to the jury. "Where the legislature has enacted a statute pertaining to a procedural matter [that] is not addressed by or inconsistent with any supreme court rule, the statute must be enforced." *State ex rel. Kinsky v. Pratte*, 994 S.W.2d 74, 76 (Mo.App.1999), citing *State ex rel. Heilmann v. Clark*, 857 S.W.2d 399, 401 (Mo. App.1993).

The only question remaining would be why the decisions in *State v. Golatt*, 81 S.W.3d 640 (Mo.App.2002); *State v. Hinkle*, 987 S.W.2d 11 (Mo.App.1999); *State v. Tincher*, 797 S.W.2d 794 (Mo.App.1990); *State v. Street*, 735 S.W.2d 371 (Mo.App. 1987); *State v. McGowan*, 774 S.W.2d 855 (Mo.App.1989); *State v. Jennings*, 815 S.W.2d 434 (Mo.App.1991); and *State v. Wynn*, 666 S.W.2d 862 (Mo.App.1984), which failed to follow the clear legislative

---

2. The dissenting opinion rationalizes that "the legislature cannot have intended its scheme of extended term sentencing for prior offenders be rendered a nullity by trial court mistakes that are not unfair to the defendant." This statement ignores basic principles of judicial philosophy and the primary rule to give effect to the legislative intent as reflected in the plain language of the statute. *State ex rel. Selimanovic v. Dierker*, 246 S.W.3d 931, 932 (Mo. banc 2008). In determining when it was fair to remove jury sentencing and enhance punishment, the legislature provided that prior convictions, if any, had to be pled and established prior to submission to the jury.

3. The dissenting opinion mischaracterizes this Court's opinion in *Emery* regarding the man-

datory pleading and proof requirements of section 558.021.2. In this case, and in *Emery*, it is undisputed that there was no evidence of prior convictions prior to submission of the case to the jury, which is the operative requirement of the statute. In *Emery*, the prior convictions were pled in the original information, but not proven prior to submission to the jury. In this case, the prior convictions were not pled or proven prior to submission to the jury. This Court in *Emery* did not remand the case for the defendant to be sentenced by the jury, as stated by the dissent, but rather remanded the case to the trial court to sentence the defendant on what was pled and established prior to submission of the case to the jury.

mandate, should not be overturned? These cases have judicially acquiesced in the removal of the right to a jury trial on sentencing without strict adherence to the clear mandatory directives of the legislature. The *Street* comment quoted in the principal opinion has come to fruition. "If the courts continue to indulge the laxity which has characterized so many cases of extended term sentencing, a judicial emasculation of the legislative direction will be the accepted procedural norm." *Street*, 735 S.W.2d at 373. In *Jennings*, the court stated, "In *McGowan*, the Western District of this court reiterated its dissatisfaction with prosecutorial laxity in complying with the timing provision of § 558.021.2, RSMo 1986 and warned that future violations would be dealt with harshly. *McGowan*, 774 S.W.2d at 858. We echo both the sentiment and admonition of *McGowan*." 815 S.W.2d at 446. Yet, *Hinkle, Golatt* and this case have followed.

The legislature's decision in a single statutory scheme to remove jury sentencing from prior and persistent offenders only in cases where the prior or persistent offender status has been pleaded and proven prior to submitting the case to the jury is no more nor no less important than the legislature's decision to extend the length of sentences of prior and persistent offenders. The courts of this state should declare the law accordingly; therefore, I would give proper deference to the legislature and specifically overturn *Jennings*, *McGowan*, *Tincher*, *Hinkle*, *Wynn*, and *Golatt*.

## DISSENTING OPINION

MARY R. RUSSELL, Judge.

I respectfully dissent. I find nothing in the record of this case or the case law of this State mandating reversal of the sentence imposed on drunk driver Michael Teer ("Defendant") for cutting short the lives of four innocent persons and injuring a fifth.

The majority and concurring opinions correctly highlight that Defendant's sentences require reversal if he can show that he was prejudiced by the trial court's decision to permit the State to untimely amend its information to charge him as a prior offender. But I disagree with the majority and concurring opinions' findings that Defendant was prejudiced because the State failed to expressly follow the provisions of section 558.021.2, RSMo 2000.[1] And, because I believe that Defendant did not meet the burden of showing the requisite prejudice, I would affirm.

Everyone agrees that the trial court should have followed section 558.021.2's directive that Defendant be found a prior offender before his case was submitted to the jury. But contrary to the majority's view, I do not believe that the provisions of section 558.021.2 are mandatory, as nothing in the statute provides a remedy for a defendant who is sentenced as a prior offender subsequent to a trial court error related to this statute.[2]

1. All statutory references in this opinion are to RSMo 2000.

2. Generally a statute is held to be directory and not mandatory where it specifies a time within which an official act is to be performed with a view merely to the proper, orderly, and prompt conduct of the business and where it does not provide what results follow a failure to comply with its terms. *State v. Wynn*, 666 S.W.2d 862, 864–65 (Mo. App.1984) (finding section 558.021.2 is merely directory); *see also State ex inf. Gentry v. Lamar*, 316 Mo. 721, 291 S.W. 457, 458 (banc 1927) (noting that a statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others can be considered merely directory "unless the nature of the act to be performed, or the phraseology of the statute is such, that

The majority's contention that this statute is mandatory and that violations of it equate to reversible error may create an unintended slippery slope, as many statutes outline administrative directives with which the trial court is expected to comply. The majority's holding could be read wrongly to declare that all failures to follow these statutory schemes necessitate reversal regardless of whether a defendant's substantive rights are prejudiced.[3] Because I believe section 558.021.2 is not mandatory, I would find that the trial court's failure to adhere to its directives does not equate to an automatic reversible error, unless prejudice occurs.

The test for reversible prejudice is not simply a test of whether the challenged error produced an unfavorable result for the defendant. Reversal of trial court error is required only if an error "more-likely-than-not *prejudice[d] the entire proceeding* against the defendant."[4] *State v. Roberts*, 948 S.W.2d 577, 592 (Mo. banc 1997) (emphasis added). Reversible prejudice must cause "[d]amage or detriment to one's legal rights or claims." *See* BLACK's LAW DICTIONARY 545 (2d. Pocket Ed.2001) (defining "prejudice"). An error in the

process of Defendant's case does not require reversal unless it prejudiced his substantive rights.[5] *See Tate v. State*, 752 S.W.2d 393, 394 (Mo.App.1988) (finding that a defendant's "substantive rights were not violated by the tardy adjudication of his prior offender status" under section 558.021.2).

Testing for substantively prejudicial errors is consistent with Missouri's "no harm, no foul" statute, section 545.030.1(18), which outlines that a judgment should not be affected by a "defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Missouri has a longstanding rule that judgments against criminal defendants should not be affected by errors committed in their favor. *See State v. Leisure*, 796 S.W.2d 875, 878 (Mo. banc 1990) ("[Section 545.030.1(16)] has been the law in this state for more than one hundred years. It provides, in part, that no criminal trial, judgment or other proceedings be ... in any manner affected [by] any error committed at the instance or in favor of the defendant." (internal footnote, quotations, citations, and added emphasis omitted)).[6]

---

the designation of time must be considered as a limitation of the power of the officer").

**3.** In the past, this Court has stated that remedying violations of mandatory directives usually should be left in the hands of the trial court. *State v. Kilgore*, 771 S.W.2d 57, 66 (Mo. banc 1989) ("Where counsel is surprised by opposing evidence at trial, however, but deals with that evidence in precisely the same manner as if he had been fully prepared, there is no reason to exclude that evidence, however significant, based on a discovery violation. A lack of disclosure in such a case has no effect on the result of trial."). And, comparatively, this Court has stated that a violation of *mandatory* discovery rules is *not* reversible error without the additional factor of *fundamental unfairness or prejudice to substantial rights. See State v. Smothers*, 605

S.W.2d 128, 131 (Mo. banc 1980); *State v. Cook*, 5 S.W.3d 572, 575 (Mo.App.1999).

**4.** This big-picture determination of prejudicial error *is beneficial in limiting this Court's* power to undo or replicate the work of the lower courts, which are capable of crafting fair and workable solutions to potential issues and errors before they yield reversible prejudice.

**5.** "Substantive law" addresses "[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of parties." BLACK's LAW DICTIONARY 676 (2d Pocket Ed.2001).

**6.** In this case, Defendant essentially invited the alleged error about which he now complains, as he urged the court against permitting the State to timely amend its information.

Considering these standards, I disagree with the majority's finding that the trial court's failure to follow section 558.021.2 resulted in reversible error, as I do not believe the error caused substantive prejudice to Defendant.

Further, I see no reason to use Defendant's case to overturn the numerous Missouri cases that have determined that it is harmless error to permit the State to prove belatedly prior or persistent offender status under section 558.021.2. *See, e.g., State v. Kilgore,* 771 S.W.2d 57, 64 (Mo. banc 1989) (finding that a hearing on prior offenses held untimely was harmless error and did not affect substantial rights); *State v. Jordan,* 978 S.W.2d 36, 41–42 (Mo. App.1998); *State v. Jennings,* 815 S.W.2d 434, 446–47 (Mo.App.1991); *State v. Tincher,* 797 S.W.2d 794, 798 (Mo.App.1990); *Tate,* 752 S.W.2d at 394; *State v. Umphfrey,* 694 S.W.2d 816, 819 (Mo.App.1985); *State v. Wynn,* 666 S.W.2d 862, 864–65 (Mo.App.1984).

In *Wynn,* the court of appeals addressed a similar case in which the court belatedly determined that a defendant was a persistent offender. 666 S.W.2d at 864–65. *Wynn* concluded that the trial court's error in following section 558.021.2 was not a prejudicial reversible error because "it did not affect the [defendant's] substantial rights" and was "harmless error." *Id.* at 864.

*Wynn* wisely noted:

It is difficult to see how defendant suffered any actual prejudice by reason of the fact that the persistent offender hearing was conducted after instead of prior to submission to the jury. The central fact of importance and substance is that defendant is a persistent offender, as was amply demonstrated, in which case the Court, not the jury, determines punishment upon a finding of guilt. . . . The State, by failing to introduce the persistent offender evidence at the prescribed time did not thereby waive its right to make proof thereof before sentencing. Nor was the State estopped to do so by reason of the manner in which the matter was handled. Defendant ac-

Before Defendant's case was submitted to the jury, the State sought to amend its information to include his prior offender status. Defendant's counsel, however, complained that it would be unfair to permit an amendment to the information because the jury was impaneled under the impression that it would determine the punishment. His counsel suggested that the jury's belief that it was assessing punishment might cause it to reach a compromise verdict trading guilt and punishment outcomes, which would differ from the verdict it might reach if it was unaware of the range of punishment. In response to these concerns, the trial court decided that it would be best to delay amending the information to include Defendant's prior offender status until after the case was submitted to the jury. The court reasoned that this would minimize the issue and avoid confusion by the jurors, and it noted that it would treat the jury's sentence as advisory.

Defendant's counsel also complained that the State should not be permitted to amend the information because he would have employed a different trial strategy had he known that prior offender status would be an issue. Nothing in section 558.021.2, however, indicates that prior offender status must be pleaded and proved before evidence is introduced at trial, as the statute merely provides that the offender's status should be established before submitting the case to the jury.

Under this Court's Rule 23.08, which allows amendment of an information at any time prior to a verdict or finding, the test for whether a defendant's substantial rights wrongly are prejudiced by the amendment looks at (1) whether a defense to the charge as originally made is equally available post-amendment and (2) whether the defendant's evidence would be equally applicable after the amendment. *State v. Messa,* 914 S.W.2d 53, 54–55 (Mo.App.1996). In this case, however, Defendant cannot show that his defenses to the original charges were impacted by the State's amendment to the information.

quired no vested right to have the jury assess the punishment by reason of the failure to conduct the hearing at the prescribed time. It is true that if the proof had never been made the conviction would have to be set aside; in that event the failure to submit the question of punishment to the jury would have been fatal to the verdict; but it *was* made, even if tardily.

*Id.* at 864–65.

Like the defendant in *Wynn,* Defendant does not contest that he is a prior offender but in effect asserts that he cannot be sentenced as a prior offender if errors are made pursuant to section 558.021.2. The legislature cannot have intended its scheme of extended term sentencing for prior offenders be rendered a nullity by trial court mistakes that do not prejudice the defendant. This must be particularly true where, as here, the trial court's mistake was made after Defendant's suggestion that he otherwise would be prejudiced.

Defendant cannot assert persuasively that he was sentenced unfairly because his sentence ultimately was imposed by the court instead of the jury. He had no right to be sentenced by the jury.[7] Considering that Defendant is a prior offender, he was sentenced in conformance with what the legislature intended when he was sentenced by the trial court after findings were made as to his prior offender status.[8]

---

7. Sentencing authority in the hands of judges, rather than juries, is important to reduce sentence disparity for prior offenders. *See* Hon. Randall R. Jackson, *Missouri's Jury Sentencing Law: A Relic The Legislature Should Lay To Rest,* 55 J. Mo. B. 14, 16–17 (Jan./Feb. 1999) (urging judge sentencing in all non-capital criminal cases).

8. The concurring opinion relies on *State v. Emery,* a case in which this Court found that a prior offender was entitled to be sentenced by a jury where the State had failed to prove his alleged prior offenses as required by section 558.021.2. 95 S.W.3d 98, 100–02 (Mo.

---

Because I do not believe that Defendant has suffered substantive prejudice requiring reversal, I would affirm his sentences.

banc 2003). *Emery,* however, is easily distinguishable from Defendant's case. In *Emery,* the State failed to offer evidence proving Emery's prior and persistent offender status prior to submission of his case to the jury. *Id.* at 100. The *Emery* court highlighted the "prosecutorial laxity" in the prosecution's failure to comply with section 558.021.2. *Id.* at 101–02. In contrast to *Emery,* the State here attempted to comply timely with section 558.021.2, but Defendant objected to timely amending the information and, in the process, invited the error at issue in this case.