**STATE of Missouri, Respondent,**

v.

**Anthony ANDERSON, Appellant.**

**No. ED 91625.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 29, 2009.

Gwenda R. Robinson, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Richard A. Starnes, Asst. Attorney General, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Anthony Anderson appeals from the judgment upon his conviction by a jury of second-degree robbery, Section 569.030, RSMo 2000.[1] Anderson argues the trial court plainly erred when it: (1) applied a sentencing statute that became effective after the date of the offense because it violated ex post facto provisions and exceeded the maximum authorized by the sentencing statute in effect on the date of the offense; (2) established and found that Anderson is a persistent felony offender after the submission of Anderson's case to the jury; and (3) entered judgment and sentence against Anderson because the statute of limitations barred Anderson's conviction of the class B felony of robbery in the second degree. We affirm Anderson's convictions and remand for resentencing.

The facts supporting Anderson's robbery conviction are as follows: On June 5, 2003, the victim finished working her shift as a bartender at Crabby's, a St. Louis bar. The victim then stayed at the bar and drank with some friends until it closed. The group then decided to go to another bar, which was open until 3:00 a.m. After that bar closed and they were leaving, the victim got into an argument with someone in the group and decided to walk instead of staying in the car.

The victim began walking toward a gas station to call a cab. Shortly thereafter,

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

Anderson approached the victim and asked if she was okay. The victim told him she was okay and was going to call a cab, but Anderson told her it was not safe to be walking at that time and offered to let her use the phone at his house. The victim went with Anderson, who took her to a grassy area with no houses around instead of to his house.

The victim, sensing something was wrong, turned to leave, at which point Anderson grabbed her and told her to give him all of her money. The victim said the money was in her purse so Anderson took her purse.

Anderson was indicted for second-degree robbery.[2] After a trial, Anderson was convicted of second-degree robbery. Anderson was sentenced as a persistent offender to a term of life imprisonment. This appeal follows.

■ In his first point, Anderson argues the trial court plainly erred, exceeded its jurisdiction, and caused a manifest injustice or miscarriage of justice when it applied Section 558.016.7(2) Cum.Supp.2003, effective June 27, 2003, to enhance the penalty for the offense committed on June 5, 2003, and imposed a term of life imprisonment for Anderson's commission of the class B felony offense of robbery in the second degree because the trial court's application of a sentencing statute effective after the date of the offense violated ex post facto provisions and Andersons sentence exceeds the maximum authorized by the version of Section 558.016.7(2) in effect on June 5, 2003. We agree[3].

Anderson acknowledges our review is limited to the plain-error standard under Rule 30.20 because he failed to properly object to his sentence and failed to raise this claim of error in his motion for new trial. *State v. Louis,* 103 S.W.3d 861, 864 (Mo.App. E.D.2003). Plain error must be evident, obvious and clear error. *Id.* The assertion of plain error places a much greater burden on a defendant than when he asserts prejudicial error. *Id.* The defendant must show that the alleged error so substantially affects his or her rights that, if left uncorrected, manifest injustice or a miscarriage of justice inexorably results. *Id.*

■ An unauthorized sentence affects substantial rights and results in manifest injustice. *Drennen v. State,* 906 S.W.2d 880, 882 (Mo.App. E.D.1995). A sentence that is in excess of that authorized by law is beyond the jurisdiction of the sentencing court. *State v. Kimes,* 234 S.W.3d 584, 590 (Mo.App. S.D.2007). Therefore, it would be plain error for the trial court to impose a sentence in excess of that authorized by law. *See Id.*

■ Section 1.160 provides, in pertinent part:

No offense committed and no . . . penalty . . . incurred . . . previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses . . . shall be had, in all respects, as if the provision had not been repealed or amended, except: . . . [t]hat if the penalty or punishment for any offense is reduced or lessened by any alteration of

2. Anderson was also indicted for forcible rape, forcible sodomy, and kidnapping. Anderson was accused of removing the victim from the location where he found her for the purpose of engaging in sexual and deviate sexual intercourse by the use of forcible compulsion, and thereafter forcibly stealing her

money. The jury found Anderson not guilty of the forcible rape, forcible sodomy, and kidnapping charges. This appeal only concerns the robbery conviction.

3. The State concedes this claim of error.

the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

Consequently, a defendant will be sentenced according to the law in effect at the time the offense was committed unless a lesser punishment is required by a change in the law creating the offense itself. *State v. Johnson*, 150 S.W.3d 132, 138 (Mo. App. E.D.2004)

Anderson's crime of second-degree robbery, a class B felony, occurred on June 5, 2003. On that date, Section 558.016.7(2), which establishes the range of punishment for persistent offenders, provided the total authorized maximum term of imprisonment for a persistent offender who committed a class B felony was "a term of years not to exceed thirty years."

Section 558.016 was amended in 2003 to change the range of punishment to "any sentence authorized for a class A felony." Section 558.016.7(2) Cum.Supp.2003. However, the 2003 amendment did not take effect until June 27, 2003, which was three weeks after Anderson's crime. Therefore, under the persistent offender statute in effect at the time of Anderson's crime, the maximum sentence he could have received was thirty years of imprisonment. The sentence Anderson received, a term of life imprisonment, exceeded the maximum punishment authorized by law.

Therefore, the trial court plainly erred when it sentenced Anderson to a term of imprisonment longer than the statutory maximum in effect at the time he committed the robbery. Point granted.

In his second point, Anderson argues the trial court plainly erred by establishing and finding that Anderson is a persistent felony offender after the submission of Anderson's case to the jury because Section 558.021.2 provides that all facts necessary to establish prior and persistent offender status "shall be pleaded, estab-lished and found prior to submission to the jury outside of its hearing," and the trial court's failure to comply with Section 558.021.2 prejudiced Anderson by subjecting him to an unauthorized extended term of life imprisonment for the class B felony offense of robbery in the second degree. We disagree.

Before Anderson testified, the trial court noted it had a discussion off the record and stated it had a file showing Anderson had prior "pleas of guilty" to possession of a controlled substance. Anderson's counsel stated that he would stipulate that he had previously pleaded guilty to that offense and that he was represented by an attorney at that time.

Later before the instructions conference, the trial court made a finding, based on Anderson's stipulation to the prior offense, that Anderson was proven beyond a reasonable doubt to be a prior offender.

After the case was submitted to the jury, the court stated the following:

[THE COURT]: First of all, it has come to my attention that during the abbreviated prior and persistent hearing, the Court overlooked a file which had been presented to the Court by the State ... which reflected a plea of guilty to a felony charge of stealing a credit card in the 22nd Circuit in 1998, at which time, [Anderson], according to the file, which is physically before the Court, at which time, the defendant was represented by counsel. The Court proposes to take judicial notice of that [ ] file. Does [Anderson] have any objection?

[COUNSEL]: No, Your Honor.

[THE COURT]: The Court recognizes that there may be a dispute under *State v. Em[e]ry* as to the timing of this finding, however, in light of the most recent note from the jury, which we will get to momentarily, the Court perceives no prejudice to [Anderson]; also, in light of his own testimony concerning his priors,

which was not specific to the 1997 cause, but which the Court infers was included in his testimony, the Court perceives no prejudice to the defense and the Court will, therefore, amend its previous finding to find that [Anderson] is a prior and persistent offender beyond a reasonable doubt.

Anderson made no comment regarding the court's action, and he did not include any claim regarding this action in his motion for new trial. As a result, Anderson concedes he did not preserve this error, but he requests that we review it for plain error pursuant to Rule 30.20. If a defendant is improperly sentenced as a prior or persistent offender, a manifest injustice has occurred and it is appropriate for plain error. *State v. Dixon*, 24 S.W.3d 247, 250 (Mo.App. E.D.2000).

Section 558.021 provides that in a jury trial, the facts regarding a defendant's persistent offender status shall be pleaded, established, and found prior to submission to the jury outside of its hearing. *See State v. Emery*, 95 S.W.3d 98, 101 (Mo. banc 2003). A number of cases under Section 558.021 have held that when a defendant is found to be a prior or persistent offender after the case is submitted to the jury, the failure to timely prove and find the defendant's prior or persistent offender status is not reversible error. *State v. Teer*, 275 S.W.3d 258, 262 (Mo. banc 2009). However, it is possible that reversible error would exist if the defendant established actual prejudice. *Id.*

In this case, even though the trial court properly found Anderson to be a prior offender prior to submitting the case to the jury, it violated the statute when it determined he was a persistent offender after the case was submitted to the jury.

While we acknowledge that an unpreserved error like the error in this case can, in some instances, be reviewed pursuant to Rule 30.20 for plain error. We find this is not such a case. An announcement of "no objection" amounts to an affirmative waiver of appellate review of the issue. *State v. Collins*, 188 S.W.3d 69, 77 (Mo.App. E.D.2006). When there is an affirmative waiver, even plain error review is not warranted. *Id.* This general rule not only applies when the issue is admissibility of evidence, but also when a court's conduct or ruling regarding a jury is challenged as erroneous. *Id.*

Here, when the trial court proposed to take judicial notice of a file and to make a finding that Anderson was a persistent offender after the case had been submitted to the jury, it asked Anderson whether he had an objection. Anderson responded that he did not, and it should be noted that Anderson was fully aware of the trial court's error because the trial court pointed it out to him and still he chose to acquiesce in the trial court's conduct. As a result, Anderson affirmatively waived review of this claim of error.

Even assuming *arguendo* that Anderson did not affirmatively waive this claim of error, he, nonetheless, has failed to show he was prejudiced by the error. Anderson was properly found to be a prior offender before the case was submitted to the jury. Thus, he was not entitled to be sentenced by the jury. *See Id.* Because he was being sentenced by the trial court, Anderson cannot show he was prejudiced by the timing of the determination of his persistent offender status. *See State v. Tincher*, 797 S.W.2d 794, 798 (Mo.App. S.D.1990)(finding there was a lack of prejudice where the trial court made a timely finding, before the case was submitted to the jury, that the defendant was a prior offender and later found that the defendant was a persistent offender after the case was submitted to the jury). Point denied.

In his third point, Anderson argues the trial court plainly erred in entering judgment and sentence against Anderson because the statute of limitations barred Anderson's conviction of the class B felony of robbery in the second degree in that the prosecution for the offenses committed on June 5, 2003 began on July 3, 2007 with the State's filing of its indictment more than four years after the offense occurred.

Again, Anderson acknowledges this claim of error was not presented at trial and requests plain error review pursuant to Rule 30.20.

However, the Supreme Court has determined the statute of limitations is non-jurisdictional and can be waived. *Longhibler v. State*, 832 S.W.2d 908, 911 (Mo. banc 1992). Thus, the statute of limitations is an affirmative defense, and it must be raised before final disposition of the case, whether by conviction or plea, or it is waived. *Id.* at 910.

In this case, Anderson did not raise the statute of limitations defense until his appeal. As a result, Anderson waived this defense and is not entitled to relief.

Even if Anderson had not waived this defense, he has failed to meet his burden of proof to show the statute has expired, even after considering any periods of tolling. Thus, we cannot review, even for plain error, Anderson's claim. Point denied.

The judgment of the trial court regarding Anderson's conviction is affirmed and this case is remanded for re-sentencing.

SHERRI B. SULLIVAN, P.J. and PATRICIA L. COHEN, J., concur.