STATE of Missouri, Respondent,

v.

Jeffrey L. STARNES, Appellant.

No. WD 69573.

Missouri Court of Appeals,
Western District.

June 15, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 2010.

Application for Transfer Denied
Sept. 21, 2010.

Craig A. Johnston, Columbia, MO, for appellant.

Shaun L. Mackelprang and Jayne T. Woods, Jefferson City, MO, for respondent.

Before Division Three: JAMES M. SMART, JR., Presiding Judge, JOSEPH M. ELLIS, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

After a jury trial, Jeffrey Starnes was convicted of driving while intoxicated (DWI). Based on this conviction, Starnes was sentenced by the trial court as a "chronic offender" to ten years in the Missouri Department of Corrections. Because the trial court failed to hear evidence and make a finding that Starnes had four or more intoxicated related offenses prior to the case being submitted to the jury in violation of Section 577.023,[1] we vacate the sentence and remand for resentencing.

## I. Factual Background

Jeffrey Starnes was charged in the Circuit Court of Clay County with DWI for events occurring on July 27, 2007, in violation of § 577.010. The substitute information alleged that Starnes was a "chronic offender" under § 577.023 because he had been convicted of four or more prior "intoxication-related traffic offenses."

Beginning on January 14, 2008, the case was tried before a jury. It is not disputed that the State introduced conclusive evidence of *three* of Starnes's prior intoxication-related traffic offenses during its case in chief, but outside of the hearing of the jury.

The fourth intoxication-related traffic offense was a conviction from Kansas City Municipal Court in 1997. The evidence was unclear if this was a conviction for DWI or Driving with an Excessive Blood Alcohol Content (BAC).[2] The trial court also noted that, among other things, the relevant exhibit (Exhibit 4) failed to prove that Starnes was represented by counsel or waived the right to counsel in writing when found guilty of the 1997 municipal offense. Because this evidentiary hearing took place during the State's case in chief, the trial court ruled that the State would be allowed further time during the course of the trial to rectify these evidentiary problems.

After the close of all evidence and immediately prior to closing arguments, the trial court asked counsel whether there were any other issues that needed to be discussed before the case was submitted to the jury. The State reminded the trial court of the issue pertaining to "the priors," but the Court stated that "that's not a jury issue."

The jury returned a verdict of guilty as charged.

After this finding of guilt by the jury, the trial court immediately held a hearing pertaining to the State's evidence on this fourth prior conviction. The trial court further ruled that "the proof and argument's still open to the fourth intoxication-related offense, and the one you have pleaded *that in my view you haven't proven* is the one that starts out, on or about December 15th, 1997." (Emphasis added.)

The trial court noted on the record that Exhibit 4 contained evidence not only pertaining to the 12/15/97 intoxication-related

---

1. All statutory citations are to RSMo 2000 as updated through the 2007 Cumulative Supplement, unless otherwise indicated.

2. In its original information the State alleged that it was a conviction for DWI. On the first day of trial the State filed, without objection, a substitute information alleging that it was a conviction for BAC.

traffic offense, but it also contained evidence pertaining to *another* charge Starnes had allegedly been found guilty of in Kansas City Municipal Court for driving while intoxicated on September 5, 1996. In an attempt to clarify its rulings on this issue, the trial court stated that "we have to break State's Exhibit 4 up into two pieces" so that the evidence pertaining to the 1996 municipal offense was distinct and different from the 1997 offense.

Specifically, a new exhibit was created (Exhibit 8) and admitted that contained the evidence pertaining to the 12/15/97 conviction. The evidence pertaining to the previous conviction, stemming from the 1996 incident, remained Exhibit 4 but was no longer considered by the trial court because the 1996 offense was not pled in the First Amended Information.

Starnes's trial counsel argued at the hearing that Exhibit 8 did not demonstrate beyond a reasonable doubt that Starnes was represented by counsel when found guilty by the municipal court on December 15, 1997. Starnes further argued that while Exhibit 8 demonstrated that Starnes was represented by counsel in this matter at some time, the State could not prove that counsel had represented Starnes when he was found guilty by the municipal court because handwritten notes on Exhibit 8 demonstrated that counsel was granted leave to withdraw on September 29, 1997.

At the end of the hearing on January 15, 2008, the trial court did not make a ruling as to whether Starnes was a chronic offender; instead, the trial court continued the matter to allow the State to gather additional evidence on the issue of Starnes's conviction in municipal court on December 15, 1997. Prior to continuing the hearing, Starnes's trial counsel stated that he would not object to the State "trying to gather some more information" pertaining to this fourth conviction. Finally, the trial court ruled that it was not going "to file the verdict as of today since we don't know the level of the offense and evidence is still coming in on judge stuff" and that the Court was "not accepting the judgment today."

On January 16, 2008, the trial court entered an order that stated, in part, the following:

> Because the proof is not complete on issues to be determined by the court, i.e., whether the defendant has 3 or 4 prior intoxication related offenses, a determination that will determine whether defendant is guilty of a Class C or a Class B felony, the verdict is not filed. The defendant shall have 15 additional days within which to file a motion for new trial or, other appropriate relief. The date on which defendant's 25 days within which to file his motion will not begin to run until the court enters an order on the remaining issue.

On January 25, 2008, the trial court held another evidentiary hearing on this issue. At the beginning of the hearing, the trial court allowed the State to submit into evidence Exhibit 101. Exhibit 101 was similar to Exhibit 8 in that they both contained evidentiary documentation that attempted to establish that Starnes was found guilty of BAC on December 15, 1997; however, Exhibit 101 provided additional documentation that a *second* attorney had entered his appearance in this case at an unknown time, possibly before the other attorney had withdrawn. The State argued that from this *second* entry of appearance the trial court could reasonably infer that Starnes was represented by an attorney at the 12/15/1997 guilty plea hearing.

On February 1, 2008, the trial court held yet another evidentiary hearing on this issue, wherein Starnes called two witnesses to testify regarding whether

Starnes was represented at the 12/15/1997 hearing. Bernard Schneider, the Court Administrator of the Kansas City Municipal Court, testified that in his opinion in reviewing the relevant court records, Starnes was represented by counsel when pleading guilty. Starnes testified at the hearing that he was not represented by counsel when he pled guilty.

At the end of this evidentiary hearing, the trial court concluded that it was "firmly convinced that the defendant was represented by counsel when he entered his plea to reduced charge on December 15th, 1997," and that therefore Starnes would be "sentenced on a Class B Felony" as a chronic offender.

On February 26, 2008 the Defendant filed his Motion for New Trial.

On April 3, 2008, the trial court sentenced Starnes to ten years in the Missouri Department of Corrections. Starnes now appeals.

## II. Analysis

In his sole Point Relied On, Starnes argues that the trial court erred "in finding Appellant to be a chronic DWI offender under Section 577.023" because the State failed to prove beyond a reasonable doubt that Starnes was a chronic offender prior to the case being submitted to the jury as required by Section 577.023.

Section 577.023.1(2)(a) states that a "chronic offender" is a person "who has pleaded guilty to or has been found guilty of four or more intoxication-related traffic offenses," and Section 577.023.5 provides that any individual who is proven to be "a chronic offender shall be guilty of a class B felony." It is not disputed on appeal that the State timely proved and the trial court timely found, beyond a reasonable doubt, that Starnes had three previous convictions for intoxication-related traffic of-fenses, meeting the requirements for a conviction as a Class C Felony, Aggravated Offender under Section 577.023. Solely in dispute is whether the State properly and timely proved, and the trial court properly and timely found, the fourth such conviction to exist beyond a reasonable doubt.

Section 577.023.8 specifies that, "[i]n a jury trial, the facts [establishing chronic offender status] *shall* be *pleaded, established and found prior* to submission to the jury outside of its hearing." (Emphasis added.) Section 577.023.16 similarly provides that "[e]vidence of prior convictions *shall* be heard and determined by the trial court out of the hearing of the jury *prior to the submission* of the case to the jury" and "[a]fter hearing the evidence, the court shall enter its findings thereon." (Emphasis added.)

The Supreme Court of Missouri has repeatedly made it clear that the statutory timing requirements for the State to present evidence to the trial court of prior, aggravating offenses are mandatory and not discretionary.

In *State v. Severe,* the Supreme Court of Missouri held that "[w]hen presenting evidence against a defendant charged with a crime, the language of the statute is of paramount importance." 307 S.W.3d 640, 644 (Mo. banc 2010). In *Severe,* defendant was convicted of driving while intoxicated after a jury trial, and the trial court sentenced defendant as a "persistent offender" in light of the fact that the State had proven that defendant had "two prior alcohol related-convictions." *Id.* at 641. While the appeal of her conviction was pending, the Supreme Court decided *Turner v. State,* 245 S.W.3d 826 (Mo. banc 2008), which held that a municipal DWI plea that resulted in a suspended imposition of sentence could not be used to enhance the offense to a class D felony. *Id.*

Because one of the defendant's prior convictions was for a municipal DWI guilty plea that resulted in a suspended imposition of sentence, the Supreme Court of Missouri reversed the trial court's judgment and remanded for resentencing based on its conclusion that "[b]eing sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice." *Id.* In so holding, the Court expressly rejected the State's argument that it should be provided an opportunity on remand to prove the existence of other prior intoxication related offenses because the applicable statute provides "that 'in a jury trial, the facts shall be pleaded, established and found *prior to submission to the jury.*'" *Id.* at 644 (quoting 558.021.2, emphasis added by the Court).[3]

In *Severe,* the Missouri Supreme Court relied heavily on its previous holdings in *State v. Emery,* 95 S.W.3d 98 (Mo. banc 2003), and *State v. Teer,* 275 S.W.3d 258 (Mo. banc 2009), which dealt squarely with the issue of when prior convictions must be pled and proven to the trial court pursuant to Section 558.021. "Section 577.023 follows the same procedures as Section 558.021 to establish persistent DWI offender status." *State v. Rose,* 169 S.W.3d 132, 136–37 (Mo.App. E.D.2005).

In *Emery,* the Supreme Court of Missouri concluded that the trial court had erred in sentencing the defendant as a prior and persistent offender because at trial the State failed to present evidence to prove the existence of the alleged prior offenses. 95 S.W.3d at 101. Because a remand allowing the State to present additional evidence of the defendant's prior convictions "would require the sentencing court to commit error by violating" the timing requirement of the statute, the Supreme Court in *Emery* remanded "for resentencing without regard to prior or persistent offender status." *Id.* at 100, 102. In refusing to allow the State an opportunity to present further evidence of the prior convictions on remand, the Supreme Court also relied on the fact that the genesis of the problem was " 'prosecutorial laxity' " in failing "to prove prior convictions 'in conformity with applicable statutory requirements.' " *Id.* at 101 (quoting *State v. Cullen,* 39 S.W.3d 899, 906 (Mo.App. E.D. 2001)).

The Supreme Court of Missouri in *Teer* expanded upon why the statutory language in question "imposes a *mandate* requiring that prior offender status be pleaded and proven prior to the case being submitted to the jury." 275 S.W.3d at 261 (emphasis added). In *Teer,* during trial the State moved to amend the information in order to charge the defendant as a prior offender due to a previous stealing conviction, and the trial court "sustained this motion *after* the case was submitted to the jury but before the verdict." *Id.* at 260 (emphasis added). In reversing the defendant's conviction on appeal, the Missouri Supreme Court held that the trial court's failure to make the relevant ruling until after the case was submitted to the jury was in error for the following reasons:

> Section 558.021.2 unequivocally provides that the prior offender status "shall" be pleaded and proven prior to the case being submitted to the jury. The word

---

**3.** The majority in *Severe* analyzes section 558.021.2 as the relevant statute, when in fact as the dissent correctly notes "this case deals with 577.023." 307 S.W.3d at 642 n. 4 (Breckenridge, J., dissenting). Indeed, the distinction between these two statutes is irrelevant for the purposes of this analysis because "[b]oth statutes contain identical language that requires presentation of such evidence prior to the case's submission to the jury." *Id.*

"shall" generally prescribes a mandatory duty. . . .

As such, section 558.021.2 implicates a defendant's liberty and, like other criminal statutes, should not be extended by judicial interpretation so as to embrace persons and acts not specifically and unambiguously brought within its terms. This interpretive rule applies to both the procedural and substantive aspects of criminal statutes and requires the statute to be construed strictly against the state and in favor of the defendant.

The plain language of section 558.021.2 imposes a mandate requiring that prior offender status be pleaded and proven prior to the case being submitted to the jury. When the plain language of section 558.021.2 is construed in favor of the defendant, the absence of a penalty provision does not necessarily mean that compliance with the statute is merely directory. There is no dispute that Teer's status as a prior offender was not plead and proven until after the case was submitted to the jury. This procedure violated the plain language of section 558.021.2.

275 S.W.3d at 261–62 (citation omitted).

■ *Teer, Emery,* and *Severe* all require that this matter be vacated and remanded for re-sentencing as an "aggravated offender" because the trial court erred in hearing evidence and in making findings regarding Starnes's alleged chronic offender status after the case was submitted to the jury, in direct violation of the timing requirements of Section 577.023.

The State's attempts to distinguish the aforementioned case law on appeal are unavailing. To begin with, the State cites to statutory language *other than the language this Court is required to interpret* in order to support its argument that "[s]ince the enactment of bifurcated proceedings, the phrase 'prior to submission to the jury'

[in section 577.023] can mean one of two things: prior to submission of the case for a guilt determination, or prior to the submission of the case for a punishment recommendation." The State argues that the applicable language of Section 577.023.8, which it concedes has not changed since it first became law in 1982, somehow took on a new meaning when the legislature adopted bifurcated trial proceedings pursuant to Section 557.036. But the State fails to cite *any* authority to support this proposition and for good reason because the " 'fundamental rule of statutory interpretation is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning.' " *Inter City Fire Prot. Dist. v. DePung,* 283 S.W.3d 277, 279 (Mo. App. W.D.2009) (quoting *State ex rel. Doe Run Co. v. Brown,* 918 S.W.2d 303, 306 (Mo.App. E.D.1996)). Here, the Missouri Supreme Court has made clear on numerous occasions that the language of the statute in Section 577.023, *by itself,* is clear and unambiguous, and thus not open to interpretation from other sources.

Here, the State had ample opportunity to prove, pursuant to the statutorily required timing requirements, that Starnes was a chronic offender. The trial court made an express finding that the State failed to make a showing beyond a reasonable doubt of the fourth alcohol related offense prior to the case being submitted to the jury. Accordingly, the instant case provides an even more compelling case for vacation of the sentence than the Supreme Court of Missouri's most recent holding in this area of the law in *Severe* because, unlike in *Severe,* the State could have prevented the evidentiary problem that is the subject of this appeal through proper presentation of the relevant evidence at trial.

The State further argues that Starnes's claim on appeal should be denied because the evidence submitted by the State in its case in chief was sufficient to prove that Starnes had four prior intoxication related traffic offenses. The State ignores the fact that the trial court made an express ruling that the evidence presented in the State's case in chief was, in fact, insufficient in this regard. Specifically, after the case was submitted to the jury, the trial court found that "the one you have pleaded *that in my view you haven't proven* is the one that starts out, on or about December 15th, 1997." Accordingly, we will defer to the factual determination of the trial court and will not re-weigh the evidence in this regard on appeal.

The State further argues on appeal that Starnes was not prejudiced by the trial court's error in this regard based on the assumption that Starnes is "in fact" a chronic offender and "that defendants generally cannot establish prejudice when they are, in fact, prior offenders and not entitled to jury sentencing." But this argument was rejected by the Supreme Court of Missouri in *Severe.*

In *Severe,* it was undisputed that, even when excluding the municipal SIS conviction pursuant to *Turner,* the defendant was still a prior offender who was *not* entitled to jury sentencing. *Severe,* 307 S.W.3d at 641–43. Nonetheless, the Supreme Court of Missouri reversed and remanded for re-sentencing on the lesser conviction and held that the State was not entitled to adduce additional evidence of the defendant's other priors because to do so would violate the timing requirements of the statute. *Id.* at 644–46. Stated another way, the Court held that whether the State could prove that the defendant was a

persistent offender was irrelevant because the State failed to adduce such proof at the proper time under the statute. *Id.*

■ For the reasons discussed at length previously, the trial court erred when it sentenced Starnes as a "chronic offender" instead of as an "aggravated offender" in light of the fact that the State only proved (and the trial court only found) three prior convictions prior to the case being submitted to the jury. Moreover, this error was prejudicial because Starnes was sentenced to a ten year term of imprisonment, which is a term greater than the maximum seven year sentence allowable as a matter of law pursuant to Section 577.023.4 for the Class C felony enhanced sentence for an "aggravated offender." *Severe,* 307 S.W.3d at 644–46; *Teer,* 275 S.W.3d at 262.

Finally, notwithstanding the fact that the trial court so erred in this regard, the State suggests that this Court should not grant relief to Starnes pursuant to plain error review. We disagree.

■ There can be no doubt that this Court is constrained to plain error review because Starnes failed to timely file a motion for new trial. Rule 29.11(b) provides, in relevant part, that a "motion for new trial ... shall be filed within fifteen days after the return of the verdict" and that the court "may extend the time for filing of such motions for one additional period not to exceed ten days."

In this case, the trial court attempted to extend the period for which Starnes could file his motion for new trial beyond that permitted by Rule 29.11.[4] The jury returned its guilty verdict on January 15, 2008, thus beginning the time for which Starnes had to file his motion for new trial.

. All rule citations are to the Missouri Supreme Court Rules (2010), unless otherwise    indicated.

Nonetheless, on January 16, 2008, the trial court entered an order that Starnes's time to file a motion for new trial would not begin until "the court enters an order on the remaining issue" regarding whether it would sentence Starnes on the Class C or B felony.

■ Despite the trial court's express warning to Starnes that the Court may not have jurisdiction to so expand the time to file his motion for new trial, Starnes apparently relied on this order in waiting until February 26, 2008, to file his motion for new trial. We do not condone Starnes's failure to timely file his motion for new trial because only he can ensure that his claims are properly preserved for review by this Court. However, we note that the failure to timely file a motion for new trial does not *preclude* this Court's review of any alleged error. *State v. Johnson*, 150 S.W.3d 132, 136 (Mo.App. E.D.2004) ("In this case, the record clearly indicates Defendant was sentenced improperly, resulting in a manifest injustice and a miscarriage of justice. Therefore, we exercise our discretion and review for plain error [notwithstanding the fact that Defendant failed to timely file his motion for new trial].")

■ Plain error review requires this Court to find a "manifest injustice or a miscarriage of justice" pursuant to Rule 30.20. The Supreme Court of Missouri just recently held in *Severe* that "[b]eing sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice." *Severe*, 307 S.W.3d at 642. " 'Where it appears that a defendant has been improperly sentenced as a prior or

persistent offender, plain error review is appropriate.' " *State v. Manley*, 223 S.W.3d 887, 892 (Mo.App. W.D.2007) (quoting *State v. Stephens*, 88 S.W.3d 876, 885 (Mo.App. W.D.2002)). "A defendant cannot by waiver confer jurisdiction on the court to impose a sentence not authorized by law." *State v. Prell*, 35 S.W.3d 447, 450 (Mo.App. W.D.2000).

Because the trial court erred when sentencing Starnes as a "chronic offender" instead of as an "aggravated offender," Starnes was sentenced to a punishment greater than the maximum allowable sentence as a matter of law. Thus, this constituted plain error resulting in manifest injustice. *Severe*, 307 S.W.3d at 641–43.[5]

■ Finally, we reject the State's argument that Starnes "waived any challenge to the timing of the court's determination of Appellant's chronic offender status." The State insinuates that this waiver by Starnes took place on two separate occasions, and accordingly each one will be analyzed separately.

To begin with, the State points to the fact that Starnes did not object during the following colloquy that transpired between the Court and the State immediately prior to the case being submitted to the jury:

The Court: It's time to invite the jury in.... Anything else we need to talk about before the jury comes in?

The State: Judge, the only other issue is the priors.

The Court: Well, that's not a jury issue.

The State: No, not a jury issue.

The Court: The jury's waiting. Let's get the jury issues in their hands, and

5. In concluding that a manifest injustice occurred, we note that the trial court's error in sentencing Starnes as a chronic offender not only sentenced him to a term of imprisonment longer than that permitted by law, it

also had other collateral consequences because 577.023.6 provides that "[n]o chronic offender shall be eligible for parole or probation until he or she has served a minimum of two years imprisonment."

then we can *talk about Court issues as you like.*

(Emphasis added.)

Starnes could not have been expected to make a specific objection based on Section 577.023 to the above comments because all the Court stated was that the State would be free to "talk" about "Court issues." The trial court was correct in its assertion that the issue of prior criminal convictions was not a "jury issue," and thus Starnes could not be expected to object to this truism. In response to the State's argument that Starnes had waived this issue by not objecting, even the trial court later acknowledged that it did not consider Starnes's silence to constitute a waiver of this issue when it made the following statement: "Well, the record will be plain enough that I was not relying on the agreement of the parties in doing what I did." As discussed previously, the State went well beyond *talking* about the issue of Starnes's prior conviction, and the trial court actually heard further evidence on this issue on which the Court made the ultimate finding that Starnes was a chronic offender.

■ In its last attempt to demonstrate that Starnes is not entitled to plain error review, the State argues that Starnes waived this issue *after* the jury had returned its verdict and the reversible error had *already been committed.* Specifically, after the jury returned its guilty verdict, the trial court held a hearing on the issue of Starnes's alleged fourth prior conviction. At that hearing, the Court expressly found that its previous findings were insufficient to sentence Starnes as a chronic offender. For the reasons explained previously, there can be no doubt that the trial court then erred by acting upon the erroneous belief that "proof and argument's still open as to the fourth intoxication-related offense."

■ The State is correct that Starnes's trial counsel later stated, after the jury returned its verdict, that he would not object to the State "trying to gather some more information" as it pertained to Starnes's fourth municipal conviction and setting it over for a hearing for that purpose. But we do not believe that this statement by trial counsel should preclude this Court from reviewing for plain error because had Starnes's trial counsel objected, the trial court would *not have been able to take corrective action* in light of the fact that the error in question was irreconcilable pursuant to Section 577.023. The sanction of waiver only takes on meaning when a "timely objection would have allowed the trial court to take corrective action," and here it would have been impossible for Starnes to "sandbag" the trial court on the issue in light of all the circumstances. *State v. Dueker,* 990 S.W.2d 670, 682 (Mo.App. E.D.1999). When Starnes's trial counsel came back for the subsequent hearing and immediately objected to the State introducing further evidence in this regard, the State and trial court were in no worse of a position than they were after the case was submitted to the jury.

We must also note that the case law that the State cites simply does not support its argument that Starnes somehow waived this issue. For example, the State quotes *Emery,* 95 S.W.3d at 103, for the proposition that "because the defendant 'chose to sit on his statutory right,'" "he waived it," but this principle was directed *solely* as to whether the defendant in *Emery* waived his right to *jury sentencing* which is not at issue here. In fact, *Emery* actually supports the conclusion that Starnes had no duty to object to the State's failure to prove the fourth conviction prior to the submission of the case to the jury because in *Emery* the defendant did not so object at trial. *Id.* at 102. Yet the Supreme

Court of Missouri still "remanded the matter for re-sentencing without regard to prior or persistent offender status" in light of the fact that the State adduced no evidence at trial of the defendant's relevant prior convictions. *Id.* at 100.

Finally, the State attempts to analogize the instant case to *State v. Anderson,* 294 S.W.3d 96 (Mo.App. E.D.2009). It should be noted that *Anderson* was decided prior to the Supreme Court's decision in *Severe* and the outcome of *Anderson* may have been different following the Supreme Court's later holding. In addition, *Anderson* is different from the instant case for at least two reasons. In *Anderson,* during trial the defendant stipulated that he had prior "pleas of guilty" during which he was represented by counsel, and based on these stipulations the trial court made a finding that he was a *prior* offender. *Id.* at 99. Here, Starnes *never* stipulated that he had four prior convictions; to the contrary, once the evidentiary issue was raised by the trial court, Starnes never conceded that the State proved beyond a reasonable doubt that he was represented by counsel or waived that right as it pertains to his 12/15/97 guilty plea.

Moreover, after the case was submitted to the jury in *Anderson,* the trial court made an additional finding that the defendant was a *persistent* offender, and in doing so the trial court expressly advised the defendant that such a finding could well violate the Supreme Court of Missouri's holding regarding "the timing of this finding ... under *State v. Emery.*" *Id.* at 99. The defendant expressly stated that he did not object, and this led the Eastern District to conclude as follows:

> Here, when the trial court proposed to take judicial notice of a file and to make a finding that Anderson was a persistent offender after the case had been submitted to the jury, it asked Anderson whether he had an objection. Anderson responded that he did not, and it should be noted that Anderson was fully aware of the trial court's error because the trial court pointed it out to him and still he chose to acquiesce in the trial court's conduct. As a result, Anderson affirmatively waived review of this claim of error.

*Id.* at 100.

For reasons already expanded upon at length, *Anderson* does not govern the resolution of the instant dispute.

Under the guidance of *Severe* and the Supreme Court of Missouri's other relevant precedents, we conclude that a limited remand is required for the trial court to re-sentence Starnes as an "aggravated offender" because "[b]eing sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice." *Severe,* 307 S.W.3d at 642.

Point granted.

## Conclusion

Because Starnes was *improperly* sentenced as a chronic offender to ten years imprisonment, his sentence is hereby vacated and the cause is remanded with instructions that Starnes be resentenced as an aggravated offender.

All concur.