

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED100658 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | |
| | ) | |
| PATRICK K. RUDOLPH, | ) | Honorable Raymond H. Dickhaner |
| | ) | |
| Appellant. | ) | Filed: March 10, 2015 |

## OPINION

### INTRODUCTION

Patrick K. Rudolph ("Defendant") appeals from the judgment of the trial court entered after a jury convicted him of two counts of the class A misdemeanor of assault of a corrections officer in the third degree, in violation of section 565.083, RSMo 2000. Specifically, Defendant contends the trial court plainly erred in not *sua sponte* ordering a mistrial after an alternate juror participated in jury deliberations. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Viewed in a light most favorable to the judgment, the evidence is as follows: On June 6, 2011, Defendant was brought into the booking area of the Jefferson County Jail. Defendant appeared intoxicated and created a disturbance. An officer approached Defendant, and Defendant pushed him in the chest. Another corrections officer entered the booking area to assist the first officer, and Defendant grabbed his wrist.

1

Defendant was charged by amended information with two counts of the class A misdemeanor of assault of a corrections officer in the third degree. He was tried by a jury on October 3, 2013. Twelve jurors and an alternate juror heard the evidence. The jury was released to begin deliberations. The alternate juror, however, was not discharged from duty; he accompanied the other twelve jurors to the jury room.

Shortly after deliberations started, the court discovered the alternate juror had not been discharged. At the direction of the court, the alternate was removed from deliberations thirty-three minutes after they began. The court informed both sides that it intended to question the alternate juror about the extent of his involvement in deliberations. The State and Defendant agreed this course of action was acceptable to them.

The alternate juror was brought into court and asked to explain how he was involved in deliberations. He stated he participated as follows: he voted to elect a foreperson; he suggested they obtain reports to clarify whether the correction officers were actually telling the truth when they testified Defendant was intoxicated; and he questioned the ability of the correction officers to recall details twenty-eight months after the incident.

The court confirmed the alternate juror had no additional interactions or communications with the jury. Counsel from both sides were given the opportunity to question him, but declined. Both the State and Defendant agreed to send the alternate home and allow deliberations to continue. Defendant did not object or request a mistrial. The alternate juror was discharged, and the jury resumed deliberations.

The jury found Defendant guilty on both counts. Defendant filed a motion for new trial. In his motion, he argued the court should have *sua sponte* declared a mistrial when the alternate juror's participation in deliberations was discovered. In its order overruling Defendant's motion,

2

the court noted Defendant had not objected "to the manner in which the issue was handled" and did not request a mistrial. The court further declined to review Defendant's claim under plain error as it found no showing the alternate juror affected the jury's determination. The trial court sentenced Defendant to serve ninety days in the Jefferson County Jail on each count to be run concurrently. This appeal followed.

## II. DISCUSSION

In his sole point relied on, Defendant contends the trial court plainly erred in not *sua sponte* ordering a mistrial after the alternate juror participated in jury deliberations for thirty-three minutes. In particular, Defendant maintains the alternate juror's participation in deliberations constituted improper third-party contact with the jurors and resulted in a manifest injustice. We disagree.

Defendant concedes he did not timely request a mistrial and asks this Court to review his claim for plain error under Rule 30.20.[1] Plain error review is used sparingly and is limited to those cases where there is a clear demonstration of manifest injustice or miscarriage of justice. *See State v. Gaines,* 342 S.W.3d 390, 398 (Mo. App. W.D. 2011). "A criminal defendant seeking plain error review bears the burden of showing that plain error occurred and that it resulted in a manifest injustice or miscarriage of justice." *State v. Roper,* 136 S.W.3d 891, 900 (Mo. App. W.D. 2004) (citing *State v. Williams*, 9 S.W.3d 3, 12 (Mo. App. E.D. 1993)).

While an unpreserved error can, in some instances, be reviewed pursuant to Rule 30.20 for plain error, this is not such a case. We find Defendant affirmatively waived appellate review of his claim. Waiver of plain error review occurs when an appellant affirmatively endorsed the challenged action of the trial court. *See Johnson v. State*, 189 S.W.3d 640, 647 (Mo. App. W.D.

_____

[1] All references are to the Missouri Court Rules (2014).

2006) (finding appellant waived plain error review by affirmatively stating at trial he had no objection to admission of the evidence at issue).

The record reflects that when the court discovered the alternate juror had participated in deliberations, it informed the State and Defendant that it intended to question the juror about "the extent of his involvement in any deliberations and discussions concerning the case . . . ." The court inquired as to whether that course of action was acceptable to both sides. They both agreed, and the court questioned the alternate juror. Both the State and Defendant were given the opportunity to examine the alternate juror, but they declined. Then, the following exchange occurred between the court, the State, and Defendant's counsel:

> The court: Okay. Given the comments from [the alternate juror], is there any relief that's being requested by the State, or how do you wish to proceed?
> The State: We wish to proceed as normally, Judge. I think we can send him home and allow the deliberations to continue.
> The court: [Defense counsel]?
> Defense counsel: I agree, Your Honor.
> The Court: Okay. All right. Any other discussions?
> Defense counsel: No, sir.

Here, Defendant's counsel approved the court's decision to question the alternate juror about his participation, and after he described his involvement, agreed to send him home and allow deliberations to continue. Because Defendant acquiesced in the trial court's conduct, he affirmatively waived appellate review of his claim of error. *See State v. Anderson*, 294 S.W.3d 96, 100 (Mo. App. E.D. 2009) (concluding an announcement of "no objection" by the defendant amounted to an affirmative waiver of appellate review and stating the general rule of waiver applies not only to admissibility of evidence but also when a court's conduct or ruling regarding a jury is challenged as erroneous).

Even assuming *arguendo* that Defendant did not affirmatively waive this issue, he, nonetheless, has failed to meet his burden to clearly demonstrate he suffered a manifest injustice

from the alternate juror's participation in deliberations. "'[T]he primary if not exclusive purpose of jury privacy and secrecy is to protect the jury's deliberations from improper influence.'" *State v. Herndon*, 224 S.W.3d 97, 101 (Mo. App. W.D. 2007) (quoting *U.S. v. Olano*, 507 U.S. 725, 737–38 (1993)). "'Private communications, possibly prejudicial, between jurors and third persons . . . are absolutely forbidden, and invalidate the verdict, at least unless their harmlessness is made to appear.'" *Id.* (quoting *State v. Quinn*, 405 S.W.2d 895, 896 (Mo. banc 1966)).

The courts presume prejudice when a non-juror has an unauthorized communication with jurors. *Id.* "When the improper communication intrudes on the jury's deliberations, the state can avoid a new trial only by establishing that the defendant was not prejudiced by the communication." *Id.*; *State v. Hayes*, 637 S.W.2d 33, 38 (Mo. App. E.D. 1982). When an alternate juror is involved in deliberations, it is presumptively prejudicial and the state must prove the juror's participation was harmless. *See Hayes*, 637 S.W.2d at 38; *State v. Morris*, 662 S.W.2d 884, 889 (Mo. App. S.D. 1983); *Herndon*, 224 S.W.3d at 101-02.

Defendant argues the State failed to present evidence showing the alternate juror's participation in deliberations was harmless. After being removed from deliberations, the alternate juror explained to the court that his participation consisted of voting to elect a foreperson and discussing certain testimony. He claimed his communications to the other twelve jurors were limited to the following statements: he remarked that they "needed to see some reports . . . [to] clarify if [the] correction officers were actually telling the truth about [Defendant] being intoxicated or not"; and he questioned the ability of the officers to recall details twenty-eight months after the incident. The alternate juror then confirmed he had no additional interaction with the jury.

We find Defendant was not prejudiced by the alternate juror's limited participation in deliberations. His comments to the jury challenged the credibility and accuracy of the correction officers' testimony. As such, they were unfavorable to the State and harmless to Defendant. Moreover, there is no evidence the alternate juror's communications improperly influenced the jury's verdict. Had the alternate juror's doubts about the reliability of the officers' testimony influenced the jury, we can reasonably assume they would *not* have entered a guilty verdict. *See Herndon*, 224 S.W.3d at 103 (finding that although the alternate juror told another juror during deliberations that she thought the defendant was innocent and the victim appeared to be lying, the unanimous guilty verdict refuted any contention that she had influenced the jury).

Accordingly, the record establishes the alternate juror's participation in deliberations was harmless. Defendant does not clearly demonstrate he suffered a manifest injustice. The trial court did not plainly err in failing to *sua sponte* declare a mistrial. Point denied.

### III.    CONCLUSION

We affirm the judgment of the trial court.

_____
ANGELA T. QUIGLESS, CHIEF JUDGE

Lawrence E. Mooney, J., and
Sherri B. Sullivan, J., Concurs.

6