STATE of Missouri, Plaintiff-Respondent,

v.

Charles C. SHAW, III, Defendant-Appellant.

No. SD 34767

Missouri Court of Appeals, Southern District, Division One.

Filed: Dec. 12, 2017

CASEY A. TAYLOR, Columbia, MO, for Appellant.

JULIA E. NEIDHARDT, Jefferson City, MO, for Respondent.

DON E. BURRELL, J.

Charles C. Shaw, III ("Defendant") waived his right to a jury trial, and the trial court found him guilty of the class-B felony of assault in the first degree. *See* section 565.050.[1] The trial court sentenced Defendant to serve 15-years—the maximum punishment allowed for a class-B felony—in the Department of Corrections ("DOC"). *See* section 558.011, RSMo Cum. Supp. 2013.

In his single point on appeal, Defendant claims,

> The trial court erred or plainly erred in entering judgment on the class B felony of assault in the first degree and in sentencing [Defendant] to fifteen years imprisonment, because this violated [Defendant]'s right to due process of law as guaranteed by [the appropriate provisions of the constitutions of the United States and the State of Missouri], in that the information charging [Defendant] with assault in the first degree actually charged an *attempted* assault pursuant

---

1. Unless otherwise stated, all statutory references are to RSMo 2016. All rule references are to Missouri Court Rules (2017).

to Section 564.011, which is a class C felony rather than a class B felony. Thus, [Defendant]'s fifteen year sentence resulted in a manifest injustice since the greatest sentence he should have received for this class C felony was seven years imprisonment.

(Emphasis added.)

Defendant concedes that he failed to raise this claim at the time of his sentencing, and he seeks plain-error review under Rule 30.20. Finding no error, plain or otherwise as to this issue, we affirm Defendant's conviction and sentence. However, the judgment reflects that the charge was resolved by "Guilty Plea[,]" despite the trial court's finding of guilt following a bench trial. We therefore remand the matter "to the trial court with instructions to enter a corrected judgment accurately reflecting the nature of the proceedings below." *State v. Fuller*, 267 S.W.3d 764, 767 (Mo. App. S.D. 2008).

## Applicable Principles of Review and Governing Law

■ An issue not properly preserved for appellate review "may be reviewed for plain error only[.]" *State v. Storey*, 40 S.W.3d 898, 903 (Mo. banc 2001). Plain-error relief requires "evident, obvious, and clear" error and a resulting manifest injustice or miscarriage of justice. *State v. Baumruk*, 280 S.W.3d 600, 607-08 (Mo. banc 2009) (quotation omitted); Rule 30.20. "[D]ue process requires that a defendant may not be convicted of an offense not charged in the information or indictment[,]" *State v. Miller*, 372 S.W.3d 455, 467 (Mo. banc 2012), and "[a]n unauthorized sentence affects substantial rights and results in manifest injustice." *State v. Anderson*, 294 S.W.3d 96, 98 (Mo. App. E.D. 2009).

At the time of Defendant's conduct, the authorized term of imprisonment for a class-B felony was "a term of years not less than five years and. not to exceed fifteen years[,]" and for a class-C felony, "a term of years not to exceed seven years[.]" Section 558.011.1(2)–(3).

## Background

On the morning of June 10, 2013, Defendant, a patient in the geriatric psychiatric treatment unit of Citizen's Memorial Hospital in Bolivar ("hospital"), claimed he was not feeling well and requested assistance from Victim, a hospital nurse. Victim entered Defendant's room and found him in the bathroom holding a Styrofoam cup. Defendant then started screaming and threw "a liquid substance" from the cup at Victim's face. Victim ran into the hallway, but Defendant caught up to her, slammed her against a wall, and began pounding her head multiple times with his fists while she was on the ground. Victim lost consciousness during the attack, and another hospital staff member came to her assistance by physically restraining Defendant. As a result of the attack, Victim suffered injuries that included the development of a cognitive disorder.

## Analysis

■ Defendant does not challenge the sufficiency of the information or the evidence supporting his conviction. His only claim is that the charged offense, as written, amounts to a violation of section 564.011 rather than a violation of section 565.050.

The State's Information alleged that Defendant:

in violation of Section 565.050, RSMo, committed the class B felony of **ASSAULT IN THE FIRST DEGREE**, punishable upon conviction under Section 558.011, RSMo, in that on or about June 10, 2013, in the County of Polk,

State of Missouri, [Defendant] did repeatedly strike the victim with his fists and, and [sic] such conduct was a substantial step toward the commission of the crime of attempting to cause serious physical injury to [Victim], and was done for the purpose of committing such assault.

The range of punishment for a class B felony is imprisonment in the custody of [DOC] for a term of years not less than five (5) years and not to exceed fifteen (15) years.

Section 564.011.1, RSMo 2000, provides that

[a] person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A **"substantial step"** is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

Section 564.011.3 further provides that

[u]nless otherwise provided, an attempt to commit an offense is a:

(1) Class B felony if the offense attempted is a class A felony.

(2) Class C felony if the offense attempted is a class B felony.

(3) Class D felony if the offense attempted is a class C felony.

(4) Class A misdemeanor if the offense attempted is a class D felony.

(5) Class C misdemeanor if the offense attempted is a misdemeanor of any degree.

In support of his point, Defendant argues,

Although the information alleges an attempted assault pursuant to Section 565.050, the additional language referring to "a substantial step toward the commission of the offense" perfectly mirrors Section 564.011. In other words,

the state, through the filing of the information, has alleged an attempt pursuant to the first degree assault statute, Section 565.050, as well as an attempt pursuant to the general attempt statute, Section 564.011. The state has alleged an *attempt* to commit the crime of *attempted* first degree assault.

(Emphasis added.) Based upon that argument, Defendant claims his conviction and sentence resulted in a manifest injustice because he was wrongfully convicted and sentenced for a class-B felony instead of a class-C felony. While we must give Defendant credit for his creativity, the "attempt" cannot succeed.

Section 565.050 provides:

1. A person commits the offense of assault in the first degree if he or she attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.

2. The offense of assault in the first degree is a class B felony unless in the course thereof the person inflicts serious physical injury on the victim, or if the victim of such assault is a special victim, as the term "special victim" is defined under section 565.002, in which case it is a class A felony.

Defendant's argument relies on the false premise that there are two statutory variations of attempt-based assault that are distinguished from one another by whether the attempt involved "a substantial step toward the commission of the offense[.]" To the contrary, "[s]ection 564.011 governs *all* attempt crimes, and a substantial step is an essential element of *any* attempt under Missouri law[.]" *State v. Williams*, 126 S.W.3d 377, 381 (Mo. banc 2004) (emphasis added) (citing *State v. Withrow*, 8 S.W.3d 75, 78 (Mo. banc 1999)) (recognizing that attempt-based assault in the sec-

ond degree under section 565.060 requires a substantial step). Thus, a substantial step *is* an essential element of attempt-based assault in the first degree notwithstanding the fact that section 565.050 does not explicitly reference that language.

That being said, the requirement of a substantial step does not mean that the *punishment* for attempt-based assault in the first degree is governed by section 564.011.3. As our high court observed,

> The use of the word "attempt" in these various statutes is not an expression of legislative intent to create two levels of attempt to commit an offense. Rather, the use is a signal that in those prosecutions under those particular statutes the maximum punishment was, in the words of sec[tion] 564.011.3, "otherwise provided" for and intended to be greater than that specified in the general inchoate offense statute.

*Withrow*, 8 S.W.3d at 79. In the appendix to its opinion, the Court goes on to include section 565.050 in a list of "*Statutes Where Attempting the Specified Crime Carries the Same Punishment as the Completed Crime*[.]" *Id.* at 82.

Here, Defendant was charged with violating section 565.050, which, in relevant part, criminalizes as a class B felony the "*attempt*[ ] to cause serious physical injury to another person." (Emphasis added.) Because the class-B felony punishment was "otherwise provided" for, *Withrow*, 8 S.W.3d at 79, 82, the trial court did not err, plainly or otherwise, in imposing a conviction and sentence accordingly.

Defendant's point is denied, and his conviction and sentence is affirmed. The matter is remanded to the trial court to enter an amended judgment that indicates the conviction resulted from a trial instead of a guilty plea.

MARY W. SHEFFIELD, P.J.— CONCURS

GARY W. LYNCH, J.—CONCURS